## PRICE et al. *vs.* PRICE'S ADM'R.

1.  A decision of the Supreme Court is conclusive of the law of the case in which it is made, and its correctness will not be inquired into when the case is brought up again.
2.  A contingent remainder in slaves may be created by deed.
3.  A sale by one having a life estate in slaves does not destroy a contingent remainder limited thereon.

Error to the Circuit Court of Jackson.

Tried before the Hon. George Goldthwaite.

Detinue by the plaintiffs in error against the administrator of Meredith Price, deceased, for certain slaves. The plaintiffs claimed as heirs at law of Polly Woods, under a deed of gift from Richard Price, her father, conveying the mother of the slaves in controversy to the said Polly "during the natural life of the said Polly and her present husband, Drury Woods, or the survivor of them; and at the death of said Polly and Drury Woods the said negroes, with their increase, are to be returned and delivered to the right and legal heir or heirs of the said Polly Woods; it being the intention of this instrument to convey a life estate in said slaves to my said daughter and son-in-law." The defendant relied on a deed of bargain and sale from said Richard Price, Drury Woods and Polly Woods, to his intestate, dated March 27, 1826.—See 5 Ala. 578, and 10 Ala. 946.

The plaintiffs proved the execution of said deed of gift, that they were the heirs at law of said Polly Woods, who died in 1835 in the life-time of her husband, said Drury Woods, without having had any children; also, that the slaves in controversy were the children of one of those mentioned in said deed, and that defendant's intestate had possession of them at and before the commencement of this suit. The defendant then introduced and proved said deed from Richard Price, Drury Woods and Polly Woods to his intestate.

Upon this evidence, the court charged that, under said deed of gift from Richard Price, plaintiffs took nothing but a contingent remainder; and that if Drury Woods, in the life-time of said Polly Woods, sold said negroes to the defendant's intestate,

74

the contingent remainder was destroyed, and plaintiffs were not entitled to recover. Plaintiffs excepted to this charge, and they now assign it for error.

JAMES ROBINSON, for plaintiffs in error :

In Price v. Price, 5 Ala. 578, it was held, in construing this deed, that the fact that the remainder was to the heirs of Polly Wood, who were not the heirs of her husband Drury, withdrew the deed from the operation of the rule in Shelley's case ; and that, therefore, Drury Woods did not take an absolute estate, but only an estate for his life. The extent of Drury's interest was the only question then before the court, and so far as that point is concerned, that decision is conclusive. But it is not conclusive of any other point, for the court could not legitimately go beyond the only point raised, and the only one necessary to be decided.

If this remainder be a contingent one, it falls within Mr. Fearne's fourth class, that is, where the remainder is limited to a person not ascertained, or not in being, at the time such limitation is made.—Fearne on Remainders 9. Until the death of Polly Woods, it could not be ascertained who would sustain the relation of heir to her ; but on her death, this person was ascertained, and the remainder vested in him. If this be so, the remainder vested in the present plaintiffs, who are her heirs at law.

The sale of the property by Drury Woods, the tenant for life, did not destroy or affect this remainder. A bargain and sale conveys no greater interest than the tenant for life has.— Fearne on Remainders 321, ch. 5 ; Lyde v. Taylor, 17 Ala. 273 ; Jones v. Hoskins, 18 Ala. 493, and cases there cited.

BRICKELL & CABANISS, *contra*.

GOLDTHWAITE, J.—When this case was last here, 5 Ala. 578, it was held, that the legal effect of the deed set out in the record was, to give Drury Woods but a life estate in the slaves conveyed by it, with a contingent remainder to the heirs of Polly Woods, which vested upon her death before the determination of the particular estate. It is unnecessary to inquire into the correctness of this decision upon the point which relates to the

interest taken by Drury Woods under the deed, as it is a suffi-
cient answer to the argument of the counsel upon that question
to observe that, under the precedents which have been long es-
tablished in this court, we are bound to regard the decision as
conclusive of the law in the case in which it was made.—Mere-
dith v. Naish, 4 S. & P. 59 ; Gee v. Williamson, 1 Port. 313 ;
Goodwin v. McGehee, 15 Ala. 232.

If Drury Woods took but a life interest in the slaves, it fol-
lows necessarily that the decision was correct as to the interest
conveyed by the deed to the heirs of Polly Woods. The rule
of the English courts, that personal property cannot be limited
by deed after an estate for life, has not been followed in relation
to slaves in several of the States, (Horne v. Gartman, 1 Branch
63 ; Duke v. Dyches, 2 Strobh. Eq. 353 ; Robinson v. Schley,
6 Geo. 515 ; Greene v. Boone, 5 B. Monroe 554;) and was rec-
ognized as the law in this court in Catterlin v. Hardy, 10 Ala.
511, Gill v. Tittle, 14 Ala. 528 ; and at the present term of
this court in the case of Mason v. Williamson, it was expressly
decided that a contingent remainder may be created in slaves.

The only remaining question left open upon the record before
us is, whether the sale made on the 27th March, 1826, to the
defendant's intestate, had the effect of destroying the remain-
der. What was said by the judge who delivered the opinion in
this case in 5 Ala., *supra*, as it was not presented by the re-
cord, or necessary to the decision of the case as then presented,
must be regarded as *dictum* merely. It is certain that in re-
mainders proper of real estate dependent upon a contingency, the
disposition of the particular estate, to annihilate the remainder,
must be of a character which destroys the former. Thus the
particular estate in the tenant for tail, or for life, might be des-
troyed by a feoffment or fine ; for these conveyances gain a fee
by disseizin, and leave no particular estate *in esse*, or in right, to
support the contingent remainder, (Archer's case, 1 Co. 66 ;
Chudleigh's case, 1 Co. 120, 137 *b* ; Purifoy v. Rogers, 2 Len.
39 ; 4 Kent 253 ;) but a bargain and sale, or lease and release,
could not bar a contingent remainder, for the reason that they
passed no greater estate than the grantor might lawfully have
conveyed.—Fearne on Rem. 321 ; 4 Kent 255. Here the sale
of the slaves was made by the party holding the life interest,
and its effect was simply to convey to the purchaser the life in-

terest which the seller had. It could pass no greater interest than he could lawfully have conveyed, (Lyde v. Taylor, 17 Ala. 273; Jones v. Hoskins, 18 Ala. 493,) and consequently could not operate to defeat the remainder.

The charge of the court below was in conflict with our views upon the last point, and for this error the judgment is reversed, and the cause remanded.

CHILTON, C. J.—I concur in the conclusion above attained. The rule that a particular estate is required to support a contingent remainder is founded upon feudal reasons, which have no application to personal property, and no such estate is necessary to support such remainder in chattels.