# Smith *et al. v.* Cooper *et al.*

## *Ejectment.*

1. *A tenant for life can only convey his interest.*—A deed which in form conveys the fee, if made by a life tenant, transfers all the interest of the grantor, but it does not impair or affect the remainder, "even though the latter be in form contingent."

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

The plaintiffs, Rosanna Smith, James M. Roberts, and others, brought suit against Edna R. Cooper, George M. Craig, and others, defendants, in the Circuit Court of Butler county, to recover the land described in the complaint, as follows : "The south-west quarter of section thirty-one, township ten, and range fifteen." The defendants pleaded the general issue.

On the trial, the plaintiffs introduced a deed executed by James Craig on the seventh day of February, 1848, for and in consideration of the natural love and affection which he had for his daughter, Esther C. Roberts, the wife of William A. Roberts. By the deed, he conveyed to Esther C. Roberts "the south-west quarter of section thirty-one, township ten, and range fifteen, lying in Butler county, to have and to hold the same to her sole and separate use, benefit and behoof, free from the debts, liabilities and control of her said husband, William A. Roberts, or any future husband she may marry for and during the term of her natural life ; and at the death of the said Esther C. Roberts, the said lands  .  .  . shall vest absolutely and forever in such child, or children, as the said Esther shall have born of her body and living at the time of her death, or the heirs of such child, or children, as may at that time be living ; and should the said Esther C. die after the death of her husband, William A. Roberts, without child, or children, or the heirs thereof, living at her death, then said property is to vest in and belong to said James Craig, or his legal heirs who are living at the death of the said Esther C., in absolute right forever. But if the said Esther C. die before her said husband, William A. Roberts, and not have a child, or children, or heirs thereof as aforesaid, living at the time of her death, the said property shall vest in the said husband, William A. Roberts, during the remainder of his natural life, and at his death, the said lands

[Smith v. Cooper.]

shall revert to and belong to the said James Craig, if he be then living, and if he is not then living, to his other legal heirs who may, at the death of the said Roberts, be living," &c.

It was also shown by the plaintiffs that afterward, on the 27th day of March, 1852, the said William C. Roberts and his wife united in the execution of a deed by which, for the consideration of two hundred dollars, they conveyed to the said James Craig " all their right, title and interest in the said land." The deed provided that " the said money should vest in the said Esther C. Roberts and her children the same as said land by said deed did."

A witness for the plaintiffs testified that " he knew the land in controversy, and that the said land was in the possession of, and cultivated by, William A. Roberts in the years 1850–51. At that time, William A. Roberts and his wife, Esther C. Roberts, had one or two children, and Rosanna Smith, one of the plaintiffs in this suit, was the oldest of said children. Esther C. Roberts died in the spring of 1861, and William A. Roberts died in the spring of 1863.

" The defendants, who were legatees of James Craig, went into the possession of the said land in 1860, and have remained in undisturbed possession ever since; that the plaintiffs are all children, and the only living children and heirs, of William A. and Esther C. Roberts." The defendants offered no evidence.

The court charged the jury that " the estate in the lands sued for, conveyed by James Craig and wife to Esther C. Roberts, as evidenced by the said deeds of conveyance, was a contingent remainder, and was subject to be defeated or surrendered by the acts of the said Esther C. Roberts and her husband, William A. Roberts; that the deed of the said William A. Roberts and Esther C. Roberts, his wife, to James Craig, did defeat the said contingent remainder, and vested the fee simple title to said land in James Craig." The court further charged the jury, at the request of the defendants, that " if they believe the evidence they must find for the defendants." To each of the foregoing charges the plaintiffs separately excepted.

The plaintiffs then requested the following charge, which was in writing: " that if from the evidence the jury believe that W. A. and E. C. Roberts went into the possession of the land sued for, under the deed from James Craig, and held and controlled the same until said land was sold back to said Craig, and at the time the said second deed was executed, Rosanna Smith, one of the children of said E. C. Roberts, was living and is still living,

and that E. C. Roberts died in 1862, that said Rosanna took a vested remainder in said land, subject only to be divided amongst the after-born children of said E. C. Roberts, who should be living at the time of the death of said E. C. Roberts." The court refused to give the charge and the plaintiffs excepted.

GAMBLE & BOLLING, for appellants.—1. The evidence shows that Esther C. Roberts held a particular estate, and possession of the land, and that Rosanna Smith, her oldest child, was born prior to the conveyance back to James Craig of the land in controversy. This made a vested remainder. 2 Washb. R. Prop. 230; Johns. 61;5 Paige 318; 7 ib. 70.

2. It is an established rule that courts never construe a limitation into an executory devise when it may take effect as a remainder, nor a remainder to be contingent when it can be taken as vested.—6 Cruise Dig. 444, § 11; 4 Term Rep's 488, in note.

WATTS & SONS, for appellees.—1. No vested remainder can be created, unless the estate vests in the remainder-men at the time of making the deed or will. If the title is to vest subsequent to the making of the instrument creating it, the remainder is contingent, not vested.—4 Kent, 226, 230–1; 11 Book Greenl. Cruise, 225; Fearn on Rem. 216–17; Keyes on Realty, § 192–203.

2. The Code went into operation on the 17th day of January, 1853. So that the law in existence before the Code must define the powers of the life-tenant over the contingent remainder. At the common law the contingent remainder may be destroyed by feoffment made by the tenant for life, also by a surrender by the life-tenant of his estate. 11 Bk. Greenl. Cruise, 298–9; but by a bargain and sale, or lease and release by the tenant, the contingent remainder would not be destroyed.—4 Kent, 279. But by section 35, Clay's Dig. 156–7, the deed of bargain and sale, in Alabama, had all the power of a feoffment, with livery of seisin.—See, also, 1 Rice (S. C.) Rep. 466. In 3 Port. 94 the effect of section 35 of Clay's Dig. 156–7 was construed to mean just what we contend for here—that a deed of bargain and sale, under the influence of this statute, was equivalent to a feoffment. Nor is *Sledge v. Horton,* 29 Ala. 478, inconsistent with this view. Therefore the deed of Roberts and wife to James Craig was equivalent to a feoffment, and defeated the contingent remainder in the children of Esther C. Roberts.

[Smith v. Cooper.]

STONE, J.—When Mr. Craig executed the deed of gift to his daughter, Mrs. Roberts, February 7th, 1848, she had no child. The *habendum* of the deed is in the following language: "To have and to hold the said lands and slaves, and to use, possess and enjoy the same to her sole and separate use, benefit and behoof, free from the debts, liabilities and control of her said husband, William A. Roberts, or any future husband she may marry, for and during the term of her natural life : and at the death of said Esther C. [Roberts,] said lands and slaves, together with the natural increase of said slaves, shall vest absolutely and forever in such child or children as the said Esther shall have, born of her body and living at the time of her death, or the heirs of such child or children as may at that time be living." The deed then gave a life estate to the husband of said Esther; in the event she died, living her husband, "and not have a child or children or heirs thereof living at the time of her death." At the end of her husband's life, then surviving her, or, at the end of her life, she surviving him, in either event she leaving no living lineal descendant, the property to revert to Craig, the grantor.

On March 17th, 1852, Mrs. Roberts and her husband—(she then being the mother of one or two children, who are plaintiffs in this action)—for a recited valuable consideration, sold and conveyed "all our right, title and interest in and to said lands" to said James Craig, "to have and to hold the same with all rights thereto belonging, as far as we have any right to convey the same, to the said James Craig and his heirs forever." The deed contained no express covenants of warranty, and recited that "said money [the purchase-money paid by Craig] to vest in the said Esther C. Roberts and her children, the same as said land by said deed did."

The present action was brought by the children of said Esther, living at the time of her death, and was instituted after the death of said Esther and her husband. The defence relied on is said reconveyance by the said Esther and her husband to James Craig, under whom the defendants claim.

It may be sufficient for this case to declare that inasmuch as Mrs. Roberts had only a life estate at most, and her husband had only a contingent life estate, their conveyance of all their " right, title and interest," did not convey, and did not assume to convey the remainder, which the deed secured to such child or children as the said Esther might leave,

[Smith v. Cooper.]

living at her death. The deed can not be construed to convey a larger interest than it professes to convey. But the principles of law repeatedly declared in this court, from which we have no inclination to depart, would authorize the present plaintiffs to recover, if the reconveyance by Roberts and wife had been of the absolute fee.

In the case of *Horton v. Sledge*, 29 Ala. 478, the deed created an estate in fee in the first takers, determinable on a contingency afterwards to happen; and, in that event, over. Like the present deed, its consideration was natural love and affection. In any other aspect, material to this case, the deed there construed is not distinguishable from this. Speaking of that deed, this court said: "If the deed in this case can not operate otherwise, it will be deemed, for the purpose of upholding it, a conveyance under the statute of uses. If it can not operate as a deed of bargain and sale, because its consideration is natural love and affection, it will be deemed a covenant to stand seized, or some other of the conveyances under the statute of uses."

In 4 Kent's Com. marg. 255, is the following language: "Nor do conveyances which derive their operation from the statute of uses, as a bargain and sale, lease and release, and covenant to stand seized, bar contingent remainders, for none of them pass any greater estate than the grantor may lawfully convey."

In the following decisions of this court, it was held that a conveyance which in form conveyed the fee, if made by a life tenant, while it transfers to the purchaser all the interest of the grantor, yet it does not impair or affect the remainder, even though the latter be in form contingent. This court has never sanctioned the opposite doctrine, which rests largely on a dogma of feudal origin, and is not consistent with the genius of our people.—See *Price v. Price*, 23 Ala. 609; *Lych v. Taylor*, 17 Ala. 270; *Jones v. Harkins*, 18 Ala. 489. See also *Lawrence v. Bayard*, 7 Paige, 70; *Doe v. Provoort*, 4 Johns. 60; *Doe v. Perryn*, 3 T. R. 484.

The rulings of the Circuit Court are opposed to these views.

Reversed and remanded.