[Doe, ex dem. Pope v. Pickett.]

# Doe, *ex dem.* Pope *v.* Pickett.

*Ejectment by Devisees in Remainder, against Purchaser from Tenant for Life.*

1. *Devise to children, as tenants in common; voluntary partition among them, before probate of will.*—*Held*, re-affirming *Goodman v. Winter* (64 Ala. 410), that a devise of all the testator's estate, after payment of his debts, to his children, to be equally divided among them by amicable partition, the sons taking an absolute estate, and the daughters an estate for life with remainder to their children, creates in them a tenancy in common, until the property is divided among them as directed by the will; that when a partition was made, by amicable agreement, and recorded as prescribed by the will, the share of each child vested in severalty, without any conveyance from the others; and that a partition before the probate of the will was valid and effectual, though the subsequent probate was indispensable, as furnishing legal and conclusive evidence of the title of the devisees.

2. *Foreign will; what lands pass by devise.*—A will executed in Georgia, where the testator resided, devising all his "property, real and personal," to his children, to be divided equally among them by amicable partition, and directing the partition to be recorded in the Superior Court of the county of his residence, shows an intention to pass lands situated in Alabama, and is effectual for that purpose when properly probated.

3. *Conveyance in fee by tenant for life.*—A deed of bargain and sale by a tenant for life, purporting to convey the entire estate in the lands, passes only his own interest, and does not affect the title or estate of the remainder-men.

4. *Revivor of action; amendment.*—On the death of a married woman, one of the lessors of the plaintiff in ejectment, pending the suit, a revivor in favor of her surviving husband and children, though improper, if made without objection, will not prevent a reversal of an erroneous judgment for the defendant, since the plaintiffs would thereby be deprived of the opportunity to amend.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Mrs. Lydia H. Pope (and her husband), Mrs. Mildred E. Richardson (and her husband), Mrs. Ruth Sayre (and her husband), and Georgia Goodman, an infant, against Mrs. Sarah J. Pickett; and was commenced on the 26th January, 1870. The premises sued for were described in the declaration as lying within the corporate limits of the city of Montgomery. Mrs. Pope, Mrs. Richardson and Mrs. Sayre were daughters of Mrs. Mildred A. Holcombe and George G. Holcombe, her husband; and Georgia Goodman was the only child of another daughter, Georgia H. Goodman, deceased. Mrs. Holcombe was a daughter of George R. Clayton, who died in Baldwin county, Georgia, in October, 1840; and the plaintiffs claimed the land, as remainder-men, under the will of said Clayton,

which was duly proved and admitted to probate, before the proper court in Georgia, on the 30th October, 1840; and " an authenticated copy" was probated and admitted to record, by the Orphans' Court of Montgomery county, Alabama, on the 3d November, 1846.

The will of said Clayton, after directing the payment of his debts, contained the following provisions : " I wish my children to share my property, real and personal, equally ; subject, however, to such advancements, or loans of money, or payments of money, made for such (?) child, other than moneys expended in the maintenance, education, and support of such child. Let my children assemble together, and ascertain in an amicable spirit what advancements may have been made by me to each one; after which, let the property be divided into shares, allowing for such advancements, and specifying the property making up each share or lot, so that it may be identified by name or description. Whenever it shall have been divided among themselves equitably and justly, let a written memorandum of such division be made, and returned to the Superior Court of Baldwin county, and there recorded for reference. My minor children may, on such division, be represented by some discreet friend or relative, of their own selection. Whenever the parts or shares of my children shall have been set off, allotted, or ascertained, upon division as before directed, it is my will and desire, that my daughters, Caroline, Mildred, and Amanda, have each a life-estate in the respective shares falling to them, and the remainder to their children repectively, upon the determination of such life-estate. It is my will, moreover, that such several life-estates as are hereby given shall in no event be subject to any debt or contract of their respective husbands, or capable of being alienated by their husbands, or in any other manner than by a decree of a court of equity ; and then, for the necessary support and maintenance of my daughters, or either of them." He then appointed his seven children as his executors, giving a majority of them " full power to do all necessary acts to carry this will into complete effect,"and desiring the husbands of the three daughters, all of them being then married, " to assist their respective wives in the performance of the duties and trusts reposed," and adding : "Finally, I enjoin it most solemnly upon all of my children and my sons-in-law, that the distribution of my property, as hereinbefore directed, be made harmoniously and equitably, as specified ; and that the settlement of the lots or shares of my daughters, upon them during their respective lives, then to their children, be

carried out in good faith, that my parental love and care for them be not thwarted."

The lands sued for were a part of a quarter-section which belonged to said Clayton at the time of his death, and which was divided into seven shares, by agreement among the devisees, in 1842. The agreement for the survey and partition was signed by "P. A. Clayton, for the executors," and authorized P. D. Sayre and J. W. Wilson, the husbands of two of the testator's daughters, to have a survey and plot made, dividing the land into seven lots; and after the completion of the survey and plot, the different parcels were chosen by lot, and a certified copy of the partition thus made, signed by all the parties in interest, was filed for record in Baldwin county, Georgia, and purports to have been made at Milledgeville, Georgia, on the 3d May, 1843. On this partition, lot No. 7, embracing the lands here sued for, was chosen by Mrs. Holcombe; and she and her husband thereupon entered into possession of the lands so allotted, as did also the other children of their respective portions. On the 16th May, 1845, Holcombe and wife, being still in possession, sold and conveyed the lands to E. S. Dargan, by deed in the usual form, using the words *grant, bargain, sell, alien, release, convey and confirm*, and reciting as its consideration the payment of $1,100. In this deed, the lands conveyed were described as "lot No. 7 as laid out and surveyed by Reuben Emerson, county surveyor, being a portion of the land which was of George R. Clayton, deceased, and which was allotted the said Mildred A. Holcombe, by the commissioners appointed to divide the land amongst the heirs at law of the said Clayton, which survey and division is recorded in the County Court of Montgomery county." The defendant claimed under mesne conveyances, with warranty of title, from said Dargan. Mrs. Holcombe died in May, 1867; and the names and ages of the plaintiffs, her heirs at law, were admitted.

Mrs. Richardson died pending the suit, and her death being suggested, it was ordered that the suit be revived, as to her interest, in favor of her husband and two children, whose names are stated. The revivor was made, so far as the record shows, without objection; and in the judgment-entry Mrs. Richardson is called *Ruth* Richardson.

On all the evidence adduced, which the bill of exceptions purports to set out, the court charged the jury, if they believed the evidence, they must find for the defendant; and this charge, to which the plaintiffs excepted, is now assigned as error.

R. M. WILLIAMSON, and SAYRE & GRAVES, for appellants.

WATTS & SONS, and J. S. WINTER, *contra.*

BRICKELL, C. J.—In *Goodman v. Winter*, at the last term (64 Ala. 410–38), many of the questions now presented were decided adversely to the appellee. We there held, that the devise and bequest in the will of the testator, George R. Clayton, to his children, created a tenancy in common; the sons taking an entirety, the daughters an estate for life, with remainder to their children, which was subject to open and let in after-born children; that the tenancy in common continued, until there was a partition, which the children were by the will requested and authorized to make voluntarily, without resort to legal remedies; that when the partition was made, identifying the share of each child, the tenancy was dissolved, and each held in severalty; that it was not of importance, the children made the partition of the lands situate in this State, before the will was here admitted to probate; that the estate of the devisees vested on the death of the testator, to which period the probate of the will, when effected, had relation; that there was no estate intervening between that of the testator and the devisee—that the probate did not create or vest, but simply supplied legal and conclusive evidence of the title of the latter. It is only necessary now to say, we adhere to these conclusions; and that no one of the numerous objections which have been urged in the course of this litigation to the probate of the will, or to the partition of the real estate made by the devisees, can be sustained.

2. It is insisted, the lands situate in this State did not pass under the will; that the intention of the testator was to pass only so much of his estate as was situate in the State of Georgia. This intention is supposed to be manifested by the direction in the will, that the memorandum of the division of the estate among the children should be returned to, and recorded in the Superior Court of Baldwin county, Georgia, the county of the testator's residence. No words, more expressive of the testator's intention to dispose of all his estate, real or personal, could have been employed, than such as are found in the devise—"*my estate, real and personal*"; no words more exclusive of all presumption of an intestacy as to any part of his estate. The whole scheme of the will—an equal division of the estate among his children, each child accounting for advancements—can be carried into effect, only by regarding the devise according to its controlling terms, as passing all the estate of the testator, which was capable of being devised or bequeathed, without regard to its locality. The county of his residence

was that in which there must have been original probate of the will; and it was the forum of the principal administration of the estate. It was but natural he should wish that in the records of some court of that county there should be preserved evidence of the amicable division of his estate, which he enjoins it upon his children to make, without intending to lessen the quantity of the property devised and bequeathed by the general terms he had employed.

3. It is next insisted, that the remainder to the children of Mrs. Holcombe was defeated, by her alienation in fee simple of the premises, to Dargan. There has never been in this State, with the exception of grants, any conveyances in use, not deriving their operation from the statute of uses, of which our statute of 1812 (Clay's Dig. 156, § 35), and the present statute (Code of 1876, §§ 2195-6), each is a substantial re-enactment.—*Horton v. Sledge,* 29 Ala. Rep. 478. By feoffment, or by fine,—under the operation of canons of the ancient common law, never adopted here, and unsuited to our law of tenures; destroying the nature the particular estate, altering its quality and quantity,—a contingent remainder could be defeated. Between all such wrongful conveyances, and the innocent conveyances deriving operation from the statute of uses, a distinction was at common law observed. The latter had no effect upon contingent remainders, because, by their very nature, they were incapable of passing any greater estate than the grantor could lawfully convey.—4 Kent, 276; 2 Washb. Real Prop. 547. The deed to Dargan was of simple bargain and sale, passing no more than the grantors could lawfully convey; that was their own estate or interest in the premises, and was as incapable of affecting the estate in remainder, as would have been an alienation by a mere stranger who was without estate or interest to convey.—*Dennett v. Dennett,* 40 N. H. 498.

4. The revivor in the name of the surviving husband and of the children of the deceased lessor, Mildred E. Richardson, was had in the Circuit Court without objection; and thereafter the cause proceeded to trial on the merits, upon the plea of not guilty. If there was error in introducing the children as parties, we incline to the opinion, it was waived by the failure to object when the revivor was had. However this may be, it is apparent there would be great injustice in now entertaining an objection to it, and affirming a judgment rendered without regard to it. The appellants would be deprived of the opportunity of curing the error by amendment,—a clear legal right,—because from the necessity for it their attention had been diverted by the failure of the

appellee to interpose all objection to it.—*Tarver v. Smith,* 38 Ala. 138.

The designation of the deceased lessor as *Ruth,* in the order of revivor, instead of *Mildred* E., her true name, is a mere clerical error, as is apparent from all other parts of the record. It is incapable of working injury to any of the parties, and may be corrected by amendment.

The Circuit Court erred in the charge given to the jury ; and the judgment must be reversed, and the cause remanded.