[McMichael *et al.* v. Craig *et al.*]

# McMichael *et al.* v. Craig *et al.*

*Statutory Action of Ejectment.*

1. *Life estate; forfeiture to the remainderman by conveyance by the life tenant.*—Neither a conveyance by a life tenant of a nominal fee or of an estate for life, nor the suffering of disseizin by such life tenant, forfeits the particular estate to the remaindermen.

2. *Same; same.*—Although nothing done or suffered by a tenant for life can forfeit his estate to the tenant in remainder, such estate may be divested and passed out of him as any other estate either through muniment of title executed by him, or through a possession adverse to him for the statutory period.

3. *Same; adverse possession; ejectment*—Where lands in the possession of a tenant for life are sold under an order of court for the payment of the testator's debts, and upon the completion of the sale and purchase the tenant for life surrenders possession to the purchasers, who remain in adverse possession for more than ten years, the life estate becomes invested in such purchasers, and neither the life tenant nor her grantees or releasees can recover the lands during the life time of the tenant for life, even though the sale under the order of court was absolutely void.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. Box.

This was a statutory action of ejectment instituted on July 14, 1892, by the appellants against the appellees ; and was brought to recover a 40 acre tract of land specifically described in the complaint, which was devised to the plaintiffs by their father, William McMichael, subject to a life estate in said lands devised to the plaintiffs' mother, Biddy McMichael. The defendants interposed the following pleas, upon which issue was joined : "1st. They are not guilty of the matters and things alleged in said complaint. 2d. That plaintiffs' cause of action is barred by the statute of limitations of ten years. 3d. That plaintiffs' cause of action is barred by twenty years adverse possession of defendants and those under whom they claim."

The cause was tried by the court upon an agreed statement of facts, which showed the following facts : The will of William McMichael under which the plain-

tiffs derived title, directed the sale of certain personal property to pay the testator's debts, and then provided that in the event such property "is not sufficient for the payment of my debts, then I desire that enough of my land be sold to pay them; the part of the land to be sold to be selected by my executors and my wife." After devising the land owned by him to his wife, the will of the testator further provided that "at the death of my wife the property left to her is to be equally divided amongst my sons, James and Joseph, and my daughter, Emily." Joseph McMichael, the son of the testator, died before attaining his majority, without issue.

In the year 1859, the executor of the will of William McMichael sold sufficient personal property to pay the debts of the estate, and made a final settlement of his administration on September 11, 1869; but the testator did not pay a debt due to one John R. Graham. The widow of the said William McMichael, who was the life tenant, took possession of the lands devised upon the death of her husband, which occurred in 1858, and held possession of said lands until the year 1877. On December 30, 1876, C. N. Brewton who had been legally appointed and qualified as the administrator *de bonis non cum testamento annexo* of the estate of William McMichael, deceased, filed his application in the probate court of Calhoun county, to sell the lands involved in this controversy, which were situated in Calhoun county, for the payment of the debt due to John R. Graham, which had been reduced to judgment. This application to sell the lands and the proceedings thereon were all in due and legal form, and a decree was duly rendered by said probate court authorizing the sale of said lands. In pursuance of the order to sell said lands, a sale was made by the administrator *de bonis non cum testamento annexo*, and a deed was duly and regularly made to the purchaser of said lands, from whom the defendants in the present suit derive title by mesne conveyances. This sale was made in 1879, and thereupon the widow, Biddy McMichael, who was the life tenant, surrendered possession of said lands to the purchasers at said sale, and they went into immediate possession of the lands under the deed made to them, and since that time they and their vendees have held continuous, notorious, exclusive and adverse possession of the said lands up to the time of the institution of this suit.

On March 28, 1892, while the defendants in the present suit were in possession of the land, the life tenant, Biddy McMichael, by a warranty deed duly signed, sealed and delivered, executed a release to her life estate to the plaintiffs in this suit, who were the remaindermen.

The cause was tried without the intervention of a jury, and the court ruled that the complaints were not entitled to recover, and rendered judgment in favor of the defendants. The plaintiffs appeal, and assign this judgment as error.

COOKE & COOKE and S. D. G. BROTHERS, for appellant.—1. The probate court was without jurisdiction to grant an order of sale of the lands, or to consider an application of an administrator *de bonis non cum testamento annexo* to that effect, and the entire proceeding in the probate court for sale of decedent's land was a nullity. Code of 1886, §§ 2103, 2105, 1864; Code of 1876, §§ 2218, 2247, 2249; Rev. Code 1867, §§ 1609, 2079, 2221; *Wilson v. Holt*, 83 Ala. 528; *Brock v. Frank*, 51 Ala. 85; *Meadows v. Meadows*, 73 Ala. 356; *Ala. Conf. M. E. Church v. Price*, 42 Ala. 49; *Robertson v. Bradford*, 70 Ala. 385; *Gilchrist v. Shackleford*, 72 Ala. 7; *Mosely v. Tuthill*, 45 Ala. 621; *Patton v. Crow*, 26 Ala. 426; *Winston v. Jones*, 6 Ala. 550. A purchaser of land at a sale under void probate decree acquires no legal title, and can convey none to his subpurchaser.—*Wilson v. Holt*, 83 Ala. 528.

2. The defendants can not derive title to the land sued for by conveyances from the purchasers at the administrator's sale, because the sale and all proceedings in the probate court to that end were void.—*Wilson v. Holt*, 83 Ala. 528; *Mosely v. Tuthill*, 45 Ala. 621. They cannot set up in themselves a title to the land hostile to the remaindermen, by virtue of the disseizin of the life tenant for a length of time sufficient to bar her right of entry under the statute of limitations, for the tenant for life can not hold adversely to the remaindermen, and she could not permit or create an adverse right which she could not assert herself.—Code of 1886, § 1830; *Pickett v. Pope*, 74 Ala. 122; *Smith v. Cooper*, 59 Ala. 494; *Pendley v. Madison*, 83 Ala. 484.

3. The defendants can not hold the land by right of adverse possession against the plaintiffs to this suit, the remaindermen, for the statute of limitations does not

[McMichael *et al.* v. Craig *et al.*]

commence to operate against the right of the remainder-
men until the death of the tenant for life, and no affirm-
ative act, or laches or omissions of action on the part of
the life tenant could at all affect the estate of those in re-
mainder.—*Gindrat v. Western R. of Ala.*, 96 Ala. 162; Tiede-
man on Real Property, § 715 ; *Pickett v. Pope*, 74 Ala.
122 ; *Pendley v. Madison*, 83 Ala. 484.

4. The present possession of the land by the defend-
ants can only be by the right of adverse possession for
ten years against the tenant for life, and their assertion
of ownership and title to the land hostile and adverse to
the rights and estate in the said land of those in remain-
der is an abandonment or forfeiture by them of the estate
of the life tenant, the only estate of which they could be
possessed, and gives to the remaindermen an immediate
right of entry and of action.—Coke Litt. 251a, § 415 ;
Greenleaf's Cruise on Real Prop., pp. 107, 8, 9 ; 4 Kent's
Com. (7th Ed.) 85, § 83; *Wells v. Sheerer*, 78 Ala. 142 ;
*Wells v. Prince*, 9 Mass. 508.

5. The life tenant, Biddy McMichael, in suffering the
land to be sold, and herself to be disseized, forfeited the life
estate, but this forfeiture can not affect the right of those
in remainder. They had a right of entry at once on this
forfeiture, but were not compelled to exercise it until the
death of the life tenant.—Bushwell on Liens and Adverse
Possession, 383, § 276 ; 378, § 273, and notes ; 2 Green-
leaf's Cruise on Real Property, 259 ; 2 Cruise Dig. 501 ;
4 Kent's Com. (7th Ed.) 86, § 84 ; p. 216, § 205 ; Angel-
lon on Liens, Chap. XXX, § 375 ; *Wells v. Prince*, 9
Mass. 508 ; *Wallingford v. Hearl*, 15 Mass. 471 ; *Stevens
v. Winship*, 1 Pick. 318 ; *Miller v. Ewing*, 6 Cush. 34 ;
*Gwynn v. Jones*, 2 Gill. & Johns. 173 ; *Bell v. McCawley*,
29 Ga. 355 ; *Gibson v. Jayne*, 37 Miss. 165 ; *Salmons v.
Davis*, 29 Mo. 176 ; *Barber v. Williams*, 74 Ala. 331.

6. The remaindermen having the right to wait until
the death of the life tenant, to bring suit to recover the
lands, they certainly have the right to bring it at any
time before her death to recover possession of her disseiz-
ors who set up ownership and claim to the land adverse
to the title and estate in remainder.—Coke Litt. 251a
and 252a ; 3 Thomas Coke, 74 n. 1; Litt. 415, 416 ; Natura
Brevium, 476 ; Bushwell on Liens and authorities above
cited ; *Wells v. Prince*, 9 Mass. 508 ; *Wells v. Sheerer*, 78
Ala. 142.

[McMichael *et al.* v. Craig *et al.*]

J. J. WILLETT and JAMES H. SAVAGE, *contra.*—1. The defendants and those from whom they derive title acquired the life estate of Biddy McMichael, and can not be ousted during her life time. Their possession for more than fifteen years has certainly been adverse to Biddy McMichael; and even if the probate sale was a nullity, their fifteen years adverse possession to her has clothed them with her life estate, if she ever had any. *DeLancey v. Ganong,* 9 N. Y. 9; *Pope v. Pickett,* 65 Ala. 491. The complainants as remaindermen are not entitled to prosecute this suit during the life of the life tenant, notwithstanding she suffered herself to be ousted and disseized.—*Pickett v. Pope,* 74 Ala. 122; *Woodstock Iron Co. v. Fullenwider,* 87 Ala. 586; *Gindrat v. Western Railway of Alabama,* 96 Ala. 162; *Patrick v. Sherwood,* 4 Blachford, 112.

2. Ten years adverse possession of land not only bars the action for its recovery, but creates title upon which the party may maintain or defend ejectment.—*Molton v. Henderson,* 62 Ala. 426; *Farmer v. Eslava,* 11 Ala. 1028; *Howell v. Hair,* 15 Ala. 194; *Walker v. Crawford,* 70 Ala. 573. There is no sort of question but that defendant's possession was adverse to the life tenant, Biddy McMichael, and her deed to the plaintiffs while defendants were in such adverse possession was absolutely void. *Bernstein v. Humes,* 60 Ala. 582; *Yarborough v. Avant,* 66 Ala. 526; *Moore v. Luce,* 72 Amer. Dec. 629.

3. The power given by William McMichael to his executors was a discretionary power and did not pass to the administrator *de bonis non cum testamento annexo,* and hence it was necessary to resort to the probate court for authority to sell the lands for the payment of debts. The will conferred discretionary powers upon the executor which did not pass to the administrator *de bonis non cum testamento annexo.*—*Mitchell v. Spence,* 62 Ala. 450; *Tarver v. Hains,* 55 Ala. 503; *Robinson v. Allison,* 74 Ala. 255.

4. If the probate court proceedings were void, and appellants should wish during the life of the life tenant to protect themselves against the consequences of the rule declard in *Woodstock Iron Co. v. Fullenwider,* 87 Ala. 586, their remedy would not be by ejectment, but by a bill in chancery to cancel the administrator's deed as a cloud on their title in remainder.—*Lansden v. Bone,* 90 Ala. 446.

[McMichael *et al.* v. Craig *et al.*]

McCLELLAN, J.—McMichael and another were plaintiffs in this action, and Craig and others are the defendants. It is a statutory action of ejectment. The land belonged to the father of plaintiffs, who died in 1858, devising it to the mother of plaintiffs, Biddy McMichael, for life with remainder in fee to the plaintiffs. In 1877 it was sold under an order of the probate court for the payment of the debts of the estate of the testator, William McMichael. The purchasers at that sale received a conveyance, executed under the order of the probate court, and immediately went into possession. They subsequntly sold and conveyed the land, and by mesne conveyances the present defendants have succeeded to such right or title or claim as these purchasers acquired or asserted. The possession has passed in regular succession from said purchasers to these defendants, and has all along been and is now held openly, exclusively against all the world, under a claim of right and the color at least of title. It is insisted for plaintiffs that the probate sale and conveyance was utterly void, because the will of William McMichael authorized the sale of this land for the payment of his debts, and, they say, this power passed to the administrator *cum annexo testamento* upon whose application the sale was ordered and by whom it was made. For the purposes of this case it may be admitted, without being decided, that this sale was utterly void.

This suit was commenced on July 14, 1892, more than ten years from the begining of the possession of the defendants and those to whose possession, claim of right and color of title they succeeded. Biddy McMichael, the tenant for life is still living, and there is no pretense of any obstacle to the running of the statute of limitations of ten years against her. This statute was pleaded by the defendants, and upon this plea (we suppose) the judge of the circuit court—trial being without jury—found for the defendants, and entered up judgment accordingly. We have no doubt of the correctness of that conclusion and judgment.

The contention upon which it is assailed here by the appellants, that a conveyance by the life tenant either of a nominal fee or of her estate for life, or the suffering of a disseizin by her, forfeits the particular estate to the remaindermen, is not and never has been the law of Ala-

bama.—*Price v. Price's Admr.*, 23 Ala. 609, and cases cited. There was a doctrine of the common law which resulted from the nature of feudal tenures that a tenant for life might, by the old method of feoffment, convey a fee and thereby work a forfeiture of his own particular estate; but even under the ancient law this result did not follow the conveyance in terms by such tenant of a fee by deed, or by any other mode of divestiture except technical feoffment. Conveyance by feoffment is unknown to our laws, and this doctrine is upon general principles opposed to that public policy evidenced by all our statutes obtaining in the premises which favors the transfer of all estates in land, and denounces entailments and forfeitures. Not only is it contrary to the policy of our laws and unsuited and inapplicable to existing conditions in respect of land ownership, but it is in the teeth of certain expressed provisions of our statutes, as, for instance, "that no interest or estate of any person can be defeated, discontinued or extinguished by the act of any third person having the possessory or ulterior interest," except in certain specially provided for cases, of which this is not one.—Code, § 1830. And the whole doctrine we understand to be expressly repudiated by section 1842 of the Code, which provides : "A conveyance made by a tenant for life or years, purporting to convey a greater interest than he possesses or can lawfully convey, does not work a forfeiture of his estate, but passes to the grantee all the estate which the tenant could lawfully convey."—*Pope v. Pickett* 65 Ala. 487, 491.

The true doctrine is, that nothing done or suffered by a tenant for life can operate a forfeiture of his estate to the tenant in remainder, but that his estate may be divested and passed as any other, either through muniment of title executed by him or through a possession adverse to him for the statutory period and the operation of law thereon. So it is held in *Woodstock Iron Co. v. Fullenwider*, 87 Ala. 586, and upon this point that case has never been questioned; and so in *Gindrat v. Western Railway of Ala.*, 96 Ala. 162, and so expressly declared in a Pennsylvania case on facts substantially identical with the case at bar.—*Moore v. Luce*, 29 Pa. St. 260; s. c. 72 Am. Dec. 629. See also 6 Am. & Eng. Encyc. of Law, p. 881, and authorities cited in note 4; *Delaney v. Ganong*; 9 N. Y. 9.

[Land Mortgage, Investment & Agency Company v. Vinson.]

The foregoing considerations and authorities dispose of this case. No one except the life tenant or parties claiming under her could under any circumstances recover the land during her lifetime. Neither she nor her grantees or releasees, the plaintiffs, can on the agreed facts maintain this action at all, because her life estate has become vested in the defendants by more than ten years adverse possession by them before this suit was instituted. This conclusion might also, perhaps, be rested upon other grounds, but that stated will suffice.

The judgment of the circuit court is affirmed.