# Edwards *et al. v.* Bender *et al.*

*Action of Ejectment by Remainderman.*

| 121 | 77 |
| 128 | 389 |
| 128 | 394 |
| 121 | 77 |
| 143 | 655 |

1. *Generality of description will not avoid a conveyance.*—Mere generality and indefiniteness of description will not avoid a conveyance; it may be aided by parol proof to identify its subject matter; and it is only after failure of such proof that it can be pronounced void.

2. *Notice conveyed by chain of title.*—A purchaser is bound in the exercise of proper diligence to examine the chain of title to the land he is about to purchase, and, therefore, the law imputes to him notice of the contents of the conveyances through which he claims, so far as they affect the title.

3. *Constructive notice of the terms of a devise.*—Where by will a devise is made of a life estate in land, the description of which is indefinite, and the devise is the only source of title in the devisee, those who claim through the devisee are put on

. [Edwards, *et al.* v. Bender, *et al.*]

inquiry and constructive notice, both of the identity of the
land and of the terms of the devise.

4. *When trustees are devisees of a power and not of title.*—Where
trustees are appointed by the terms of a will who are
instructed to take and receive certain bequests made to the
daughters of the testator, "the same to hold and keep forever
in trust for their support and use, free from the control of
all persons whatever," they are not devisees of the title, but
only of a power.

5. *Presumption of sale by trustees, not forced as against remain-
derman.*—Whether under a power given by a will to be exer-
cised with the consent of a devisee of a life estate, the trus-
tees could have sold a greater interest than the life tenant
had, will not be inquired into in the absence of proof that
they attempted to make any sale; no presumption of such
sale will be forced as against the remainderman.

6. *Statute of limitations apply only to those who can sue.*—The
statute of limitations and the doctrine of prescription apply
only to those who can maintain a suit; the right of those
entitled in remainder to sue for their interests begins at the
termination of the life estate.

7. *Life tenant cannot by deed prejudice the interest of the remain-
derman.*—A person holding a life estate cannot by deed with
warranty prejudice the remainderman; he can convey no
greater interest than he has.

8. *Life tenant cannot hold adversely to remainderman.*—The hold-
ing of a life tenant is not adverse to those entitled in remain-
der, and cannot be estimated in the period necessary to raise
the presumption of a conveyance.

9. *The word children may include grand children.*—In the con-
struction of wills the word "children" may be extended to
include grandchildren when such intent appears from the
whole instrument; or where otherwise the devise would fail;
hence when the devise is to a daughter and at her death to
her children equally, and one of the children of the daughter
dies before her mother, leaving a child, the latter takes at
the death of the life tenant the share her mother would have
taken had she lived until the falling in of the life estate.

APPEAL from the City Court of Selma.

Tried before the Hon. J. W. MABRY.

John Smiley died in the year 1849, leaving a last will
and testament. He devised certain land on "Bogue
Chitto" in Dallas county, "to his daughter, Nancy C.
Bender, for life, with the remainder to her children, to

go, however, into the hands of trustees named. It is also provided in the will that. with the consent of "either of my daughters" the trustees may sell the land devised to her. A general direction in the will is to the effect. that if any devisee to whom a life estate is given with remain-der to children, should die without issue, the share of such devisee should go to the other children of the testa-tor or "their heirs should either be dead." Mrs. Bender died in 1897, and this suit is in the nature of an action of ejectment by her children, who claim title as remain-dermen. The other facts are stated in the opinion.

SATTERFIELD & YOUNG, for appellants.—(1). The trustees under the will of John Smiley were authorized to dispose of the land with the consent of the life tenant. It will be presumed after twenty years' possession by those holding under the life tenant that this power in the trustees was exercised.—*Keely v. Hancock,* 72 Ala. 377; *Baker v. Prewitt,* 64 Ala. 551; *Knabe v. Burden,* 88 Ala. 441; *Duncan v. Williams,* 89 Ala. 350; *Solomon v. Soloman,* 81 Ala. 505. (2). Where the remainder is de-feasable time will raise a presumption against the re-mainderman and bring him within the rule laid down in *Woodstock Iron Co. v. Fullenwider,* 87 Ala. 584. (3). Defendants are *bona fide* purchasers without notice, be-cause a description of the land in the will is so indefinite and uncertain that it gave no notice to strangers. This being a suit at law the questions are what land John Smily *did* devise, and what notice the description gives to strangers, not what he *intended* to devise as could be shown in a court of equity.—Develin on Deeds, Sec. 1010; *Dickens v. Barnes,* 79 N.. C, 490; *Bandon v. Leddy,* 67 Cal., 43; *Capps v. Holt,* 5 Jones' Eq., 153.

MALLORY, MCLEOD & MALLORY, *contra.*—(1.) War-ranties by tenant for life are void against those in re-mainder.—Code 1896, Sec. 1034, 1038. (2). Limitations nor presumptions of grants nor prescription run against a remainderman until the death of the life ten-ant.—*Gintrat v. Western Rwy. of Ala.,* 96 Ala. 162; *Bass v. Bass,* 88 Ala. 408; *Pickett v. Pope,* 74 Ala. 122.

SHARPE, J.—The facts appearing in the record of this case are without conflict.

The will of John Smiley, who died in 1849, among other things contained a devise to his daughter, Nancy C. Bender, of lands described as "seven hundred and twenty acres of land lying and situate on Bogue Chitto in the county of Dallas," the terms of the grant being "to her sole and exclusive use during her natural life and then to be equally divided between her children to go, however, into the hands of the trustee hereinafter named at the time of my death."

Devises are made to others of the testator's children and a general direction given in the 10th item of the will as follows: "As it is possible one or more of my daughters may die without issue, it is my will that on that event be it before or after marriage, that the property herein bequeathed to such as may die shall immediately on the happening of such an event (unless it occur before my death) return to and be equally divided between their brothers and sisters or their heirs should either be dead, the portions received by each of my daughters to be theirs during their natural life and after to their children to be received and held by the trustee or trustees hereinafter appointed for the trusts and uses in the will mentioned."

As to the property in which the testator's widow is given a life estate, it is provided that the remainder interest "be equally divided between Nancy C. Bender and Rebecca Adeline Smiley and should either die before their mother, leaving issue, in that case the issue to represent and take as the mother or mothers would do under this will."

Trustees are appointed and their powers depend in the following words: "11th. To carry out the objects of this will so far as the bequests therein are made to my daughters I do hereby appoint Samuel Smiley and Dan Caldwell Smiley trustees for and on behalf of my said daughters (Margaret Ann Graham excepted) who are instructed and commanded by this will to take and receive the same in trust nevertheless for my said daughters the same to hold and keep forever in trust for their support and use, free from the control of all persons whatever."

"12th. With the consent of either of my daughters power is hereby given to said trustees to dispose of the real estate herein bequeathed to my daughters in the several clauses of this will.

"13th. I do hereby constitute and appoint Samuel Smiley and Dan C. Smiley my executors."

It appears from the testimony of John T. Bender that the land sued for is on Bogue Chitto creek, in Dallas county, Alabama, and was owned by John Smiley at the time of his death. That he, the witness, was the husband of Nancy C. Bender and as to the only dealings of themselves or by the trustees with this land he says: "I had nothing to do with the land until I sold it. When I took a notion to sell the land it was turned over to me by the executors and we sold it to Nathan Jackson. Nancy C. Bender had no interest in the land except what she acquired under the will of John Smiley."

The sale to Jackson was in 1852 and a deed with the usual covenants of warranty was then made to him by Mrs. Bender and her husband, which purported to convey the title in fee simple. It is shown that Jackson's interest so acquired passed by mesne conveyances to defendants and that he and those succeeding to his interest have successively and continuously been in the possession of the land, claiming it as their own.

Nancy C. Bender died in 1897. The plaintiffs are her children, except Eula B. Jordan, who is the child of her daughter, who died in 1872.

Mere generality and indefiniteness of description will not avoid a conveyance. It may be aided by parol proof to identify its subject matter and it is only after failure of such proof that it can be pronounced void. *Baucum v. George,* 65 Ala. 259; *Clements v. Pearce,* 63 Ala. 284; *Pollard v. Maddox,* 28 Ala. 321; *Guilmartin v. Wood,* 76 Ala. 204; *Chambers v. Ringstaff,* 69 Ala. 140. Within this principle the testimony of John T. Bender tends to show with sufficient certainty the identity of the land sued for as part of that devised to Nancy C. Bender. The defendants have not attempted to set up title from a source other than through the deeds mentioned. The defendant Walker and his immediate grantor Kennedy testify that they claimed only through those deeds and

the defendant Edwards testifies that he took possession of his interest under Walker's bond for title, which was followed by Walker's deed. It thus appears that the will of John Smiley is the source of the defendants' as well as of the plaintiff's claim of title and they are charged with notice of its provisions affecting their title.

A purchaser is bound in the exercise of proper diligence to examine the chain of title to the land he is about to purchase and therefore the law imputes to him notice of the contents of the conveyances through which he claims so far as they affect the title.—*Johnson v. Thweat,* 18 Ala. 741. Notwithstanding its generality the description of the land in the devise constituting Mrs. Bender's only source of title was sufficient to put those claiming through her on inquiry and constructively on notice both of the identity of the land and of the terms of the devise.

By the terms of the will the trustees were not devisees of the title but only of a power. *Patton v. Crow,* 26 Ala. 426. Whether under the power to be exercised with the consent of Mrs. Bender they could have sold a greater interest than she had, we need not inquire, since there is no proof of any attempted sale by them. In the absence of such proof no presumption of such sale will be forced as against the remaindermen.

The presumption of a conveyance which is sometimes raised in favor of the rightfulness of long continued possession and claim of ownership, is founded upon the further presumption that those having rights opposed to the claim so asserted would not have slept upon them. There can be no such presumption as against those who for the want of a grievance could not have sued for its redress. The statute of limitation and the doctrine of prescription apply only to those who could have the right to maintain a suit.—3 Brick. Dig., 618, § 10.

Whatever its terms, the deed of Mrs. Bender could convey no greater interest than she had. It operated to pass only her life estate and did not work its forfeiture. Code, § 1038; *Smith v. Cooper,* 59 Ala. 494. Its warranties were void as against those in remainder. Code, § 1034. The will alone fixed the termination of the life estate and upon that event the beginning of the estate

in remainder. Upon that event and not before arose the right of those entitled to the remainder to sue for the establishment or recovery of their interests. The holding of the life tenants was not adverse to them and cannot be estimated in the period necessary to raise the presumption of a conveyance.—*McMichael v. Craig,* 105 Ala. 382; *Gindrat v. Western Ry. of Ala.,* 96 Ala. 162; *Pickett v. Pope,* 65 Ala. 487; s. c., 74 Ala. 122; *Smith v. Cooper, supra.*

It apears, therefore, that the devisees in remainder under this will are entitled to the land in controversy.

The children of Mrs. Bender are named as the class to take the property at her death, but though not expressly stated, it was the evident intention of the testator that the issue of such of her children as might die before Mrs. Bender should take the share which such deceased child would have taken. Such intention is in accord with that expressed respecting the remainder interest in property given the testator's widow for life, and as appears from the 10th clause quoted, the failure of such issue is expressed as a condition precedent to any right of collateral kindred to such shares.

In the construction of wills the word "children" may be extended to include grandchildren when such intent appears from the whole instrument, or where otherwise the devise would fail.—*Scott v. Nelson,* 3 Port., 452; *McGuire v. Westmoreland,* 36 Ala. 594; *Phinizy v. Foster,* 90 Ala. 262.

Under this principle Eula B. Jordan takes in the land in controversy the share her mother would have taken had she lived until the falling in of the life estate, and was therefore entitled to recover jointly with the other plaintiffs.

There is no error in the record and the judgment of the city court will be affirmed.