[Sheridan, *et al.* v. Schimpf.]

# Sheridan *et al. v.* Schimpf.

*Bill in Equity to determine Claims to Real Estate and to Quiet Title Thereto.*

1. *Mortgage; title of purchaser at foreclosure sale.*—A purchaser at a foreclosure sale of a mortgage succeeds to the title and interest of the mortgagee in the property sold, unaffected by notice of infirmities in the mortgagor's title.
2. *Registration of conveyances; effect as constructive notice*—The registration of conveyances operates as constructive notice only when the statute authorizes their registration.
3. *Same; will can not be recorded before it is probated*—Under the provisions of the statute providing therefor (Code of 1896, § 4279), a will is not authorized to be recorded until it has been probated; and, therefore, the recording of a will which has not been probated is not, under the statute (Code of 1896, § 1008), constructive notice of the rights of remaindermen sought to be created by said will, as against the mortgagee of the life tenant who has been in possession of th· real estate devised by the will for more than five years.
4. *Bill in equity to quiet title; admissibility of evidence.*—On a bill filed under the statute (Code of 1896, §§ 809-813), where the defendants claim interest in the land involved in suit as remaindermen under their ances'or's will, and charge that complainant acquired asserted title with notice of their rights, and introduced in evidence certified copies of the will showing the date of record, probate, &c., a mortgage of the life tenant, who is shown to have been in possession of said land for more than five years, and a deed to the purchaser at the foreclosure sale of said mortgage are relevant and admissible in evidence to show that defendant's claim under the will was void as against the complainant, for failure to have the same probated and recorded within five years ofter the entry of the life tenant, as required by statute, (Code of 1896, §§ 1008, 4279.)

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WILLIAM H. TAYLOE.

The facts of the case are sufficiently stated in the opinion.

[Sheridan, *et al.* v. Schimpf.]

Joel W. Goldsby and McCarron & Lewis, for appellant.—The will involved in this controversy created an estate in lands in remainder and was, therefore, a recordable instrument under our statute.—Code of 1886, § 1813. This being so, the mortgagee of the life tenant was bound by such registration.—Code of .1886, § 1797. If the law authorized the registration of said will, the recording operated as notice to the world. It can be no objection to the effect of the registration as constructive notice that it was not recorded in the proper book.—Code of 1886, § 1793 ; *Leslie v. Hinson,* 83 Ala. 266 ; *Heflin v. Slay,* 78 Ala. 180 ; *Mims v. Mims,* 35 Ala. 23 ; *Turner v. McFee,* 61 Ala. 468.

Shelton Sims, *contra.*—The will in this case does not, in any way, affect the rights of the defendant as purchaser at the foreclosure sale under the mortgage executed by the life tenant. The statute provides that wills, after being probated, shall be "recorded in a book provided and kept for that purpose."—Code of 1886, § 1892 ; Code of 1896, § 4289.

There was absolutely no authority of law for recording the unprobated will in the miscellaneous book or even in a will book, and consequently such recording was not constructive notice.—*Monroe v. Hamilton,* 60 Ala. 233.

The will of Sarah Sheridan never became valid for any purpose until the 9th day of April, 1895, when it was probated, that is, until the expiration of more than ten years after it had been recorded in the miscellaneous book.—*Desribes v. Wilmer,* 69 Ala. 28. To the same effect see the cases cited in 2 Brick. Dig., 532, § 105.

DOWDELL, J.—The bill in this case was filed by the appellee under the act of December 10, 1892, (Acts of 1892–93, p. 42), entitled an act "to compel the determination of claims to real estate in certain cases and to quiet the title to the same," and which now constitutes Article 13, Chap. 16 of Code of 1896, page 313. The bill contains the requisite averments under the statute. Some of the respondents are adults, and others minors, who are represented by guardian *ad litem.* All of the

[Sheridan, *et al.* v. Schimpf.]

respondents answered the bill, the minors by their guardian *ad litem*, and after denying certain averments thereof, claimed an interest in the land, the subject matter of the suit, setting forth and specifying their title, claim, or interest in the same. And further answering the bill, the respondents charge and aver "that before complainant [appellee here] set up any claim to the said lands or pretended to own any interest therein, or have any title thereto, she had actual knowledge of the rights, title, and interest claimed by each and every respondent in and to said lands."

The evidence in the case discloses the following facts pertinent to the questions presented by the record for our consideration : Sarah Sheridan, the mother of respondent Catherine (Kate) Martin, Sr., and grandmother of the other respondents, was seized and possessed of the real estate in dispute, consisting of a house and lot in the city of Mobile. The said Sarah died on December 12th, 1884, leaving a last will and testament. In said will she devised said lot to her son Bernard Sheridan, the father of the Sheridan respondents in this bill, during his natural life and to his children forever after his death. The will also provided that "should he have no children at the hour of his death," said lot should go to her, said Sarah's, daughter, Kate Martin and her children forever. This will was recorded on December 26th, 1884, in the book of miscellaneous records in the probate office of Mobile county, but was not probated until April 9th, 1895. That Bernard Sheridan, the son of said Sarah, occupied said lot continuously from 1884 to January, 1896, when complainant went into possession of same. A short time prior to October 1st, 1892, the said Bernard Sheridan engaged one John Case to negotiate for him a loan on said lot, and to assist said Case, Bernard had one Francis Kiernan to make out an abstract of his title to the lot. On this abstract the said will was not noted. The will had not been probated, and no administration had been had on the estate of said Sarah. Said Sarah left surviving her three children, the said Bernard Sheridan, Catherine Martin, and Thomas Sheridan, her only heirs at law. On October 1st, 1892, Catherine Martin joining with her husband, and Thomas Sheridan with his wife, made and executed

a deed to said lot to said Bernard conveying their interest in said lot to said Bernard. This deed was noted on the abstract of the title made by Kiernan, and the said Bernard claimed and represented that the lot was inherited from his mother. On this title, on the 11th day of October, 1892, the said Bernard being then in the actual possession of said lot, Mariah M. Kuhl made a loan of seven hundred dollars to said Bernard, receiving as security a mortgage from him and his wife on said lot. At the time she had no knowledge of the said will, nor did her counsel, who passed upon the abstract of title, and was alone her agent in the matter. The said Case and Kiernan were the agents of said Bernard. The said Bernard made default in the payment of said mortgage, and the same was duly foreclosed, and the complainant (appellee here) Louisa E. Schimpf at the foreclosure sale became the purchaser, and a deed was duly executed to her under said foreclosure sale conveying to her the said lot. At the foreclosure sale the following written notice was given the auctioneer :

"May 6th, 1895. Since this mortgage was executed a will has been found, and has been regularly probated. The existence of this will was unknown to mortgagor when mortgage was executed. It is my opinion that the fee simple title is in the children of mortgagor, and not in the mortgagors themselves."

[Signed]          "Guy C. Sibley."

On the final submission of the cause on the pleadings and proof, the chancellor rendered a decree for the complainant, decreeing her the relief prayed for in her bill. This decree is now assigned as error.

It is a plain proposition of law, that if Mariah Kuhl, the mortgagee, got a good title to the lot in question under her mortgage, then the purchaser at the mortgage sale succeeded to that title unaffected by the notice given at said mortgage sale. It is, however, contended on behalf of appellants, that the record of the will of Sarah Sheridan was under the statute constructive notice of its contents, and for that reason the title acquired by the mortgagee under the mortgage, as well as those holding under her, was subordinate to the interest and claims of the appellants, which they had as devisees un-

der said will.   Section 1008 of the Code of 1896 (Code of 1886, § 1813) is for the protection of creditors of the life tenant of real estate, against those claiming interest as remaindermen, reversioners, or upon condition, under the will or conveyance creating the life estate.   In the absence of this statute a mortgagee or purchaser of the life tenant, could take by his mortgage or purchase no greater estate than ˙ the life tenant had, or, in other words, would take subject to the rights and claims of the remainderman under the will creating the estates for life and in remainder, although the will may not have been at the time probated.   The practice of placing titles to land upon public record did not exist at common law. The only notoriety needed or required in transactions passing title to land was by livery of seizin for estates of freehold.—20 Am. & Eng. Ency. of Law, p. 528.   The law of registration of instruments is a creature of the statute.   And the purpose and wisdom of such laws in ·affording protection to innocent purchasers is manifest. While on the other hand, in behalf of parties out of possession, but having an interest or title in the estate, they afford protection, by way of constructive notice to the world, of such title or interest as they may have under the registered or recorded instrument.   But it must be understood that this principle of constructive notice applies only to such instruments as are authorized by the statute to be registered.   While the failure to register or record an instrument, which is by statute authorized or required to be done, may result in loss to one claiming under the same, for want of notice, it˙ does not follow, that the registration of *any* and *every* instrument will operate to give notice.—*Monroe v. Hamilton,* 60 Ala. 233 ; *Tatum v. Young,* 1 Port. 298.

Sections 1008, 1012 and 4279 of the Code of 1896, which are the same as sections 1814, 1817 and 1982 of of Code of 1886, are the only statutes we have relating to the recording of wills.   It becomes then a material inquiry in this case, as to when a will may be deemed recorded under section 1008, so as to prevent its being inoperative as against the persons and under the conditions named in the statute.   It is said in *Desribes v. Wilmer,* 69 Ala. 25 : "An instrument testamentary in its character cannot be recognized as valid in any *form*

[forum] until it has been admitted to probate." To the same effect, *Kinnebrew v. Kinnebrew*, 35 Ala. 628; *Hawkins v. Dumas*, 41 Ala. 391.

Section 1008 does not in terms authorize the registration or record of wills and conveyances; it simply provides that *unless* recorded within five years from the entry and possession of the life tenant, such wills or conveyances are inoperative as against the creditors of the tenant for life in possession. There are other statutes, which in express terms authorize the registration of certain *conveyances*. While technically speaking a will may be a conveyance, our statutes relating to the registration and record of wills and conveyances seem to preserve an evident distinction between the two. The only statute then that we have which would *authorize* the recording of a will is section 4279 (Code of 1886, § 1982). And under this section a will is not authorized to be recorded until it has been probated. Construing these several sections *in pari materia*, we are constrained to hold that a will is not such an instrument, the recording of which, under our registration statutes, would operate to give constructive notice, before probate of the same.

The mortgagor Bernard Sheridan, the life tenant under the will, having been in possession of the lot for more than five years, the said will not having been probated and recorded as provided and authorized by the statute within the five years, the mortgagee, Mrs. Kuhl, being without actual notice of the existence of the will, comes within the protecting provision of section 1008 of the Code. The title to the lot she thus acquired under her mortgage is freed from the incumbrance of the claims of the respondents as remaindermen under the will.

It is insisted that the chancellor erred in not excluding, on appellants' objection and motion, the mortgage of Mrs. Kuhl and her deed to the appellee, Mrs. Schimpf; the ground of the objection and motion being that the mortgage and deed were not relevant under the issues in the case. The defendants in their answers to the bill set up a claim to the lot in question, setting forth and specifying their claim or title under the will of Sarah Sheridan, and further averred in their answer that complainant had notice of such will, and of the interest

or title of respondents under said will, before she acquired any title or claim to the lot. The defendants, also, introduced in evidence certified copies of the will, showing date of record, probate, etc. Under this state of the pleading and evidence, we think the deed and mortgage were relevant. The evidence thus offered formed a part of the chain of circumstances and facts that brought the complainant within the protection of section 1008 of the Code.

We find no error in the decree of the chancery court, and the same is affirmed.