# Blakeney *v.* DuBose.

## *Ejectment.*

(Decided April 21, 1910. 52 South. 746.)

1. *Wills; Construction; Time of Taking Effect.*—A will speaks only from the death of the testator and must be construed as of that time without reference to consequences resulting from subsequent events not probably foreseen at the time of the execution of the will.

2. *Same; Estates Devised; Vested and Contingent Remainders.*— Where a testator gave half of certain real estate to his wife for life and the other half in trust for the lives of his son and his son's wife, and the remainder of the whole to his grandchildren. and gave half of his residuary estate to his wife and the other half to the trustee with the provision that on the death of his wife the trustee should take possession of the property devised to her and hold it as a part of the trust estate, and on the death of his son and his son's wife the property should go to the grandchildren, the testator's wife and the trustee for the son took a life estate with a vested remainder in the grandchildren living and a contingent remainder under section 1301, Code 1852, as an executory devise in favor of grandchildren born after the testator's death.

3. *Same; Estates Devised.*—Where by the testator's will the testator's wife took a life estate in half of his property, and a trustee for his son and his son's wife took the other half for the use of the cestui que trust during their lives and the grandchildren living at the testator's death took a vested remainder in the whole, and after born grandchildren a contingent remainder operating under the statute as an executory devise, the inability of the trustee to hold the property in trust did not affect the title of the beneficiaries, and on

the inability of the trustee to hold the estate the trustee's life estate passed to the cestui que trust, and no trustee was necessary to support the estate of the grandchildren.

4. *Same; Residuary Legatee.*—An express devise of all real estate of testator to his grandchildren after the death of the life tenant is not a devise to the grandchildren as residuary legatees.

5. *Same; Shares of Members of Class.*—Where a testator gave half of his property to his wife for life and half to a trustee for his son and his son's wife during their lives with directions that the trustee should deliver the property to the grandchildren so as to make a division thereof as nearly equal as possible, the grandchildren shared equally in all of testator's property after the death of testator's wife, his son and his son's wife.

6. *Same; Record of Will as Notice.*—Under section 1322, Code 1852, the recording of a will creating a trust is notice to the world of the terms of the will.

7. *Same; Disposition of Subsequently Acquired Property.*—Under sections 1591, 1592 and 1604, Code 1852 (Section 6154, 6155, 6165, Code 1907) a will devising all of testator's real estate includes real estate acquired after the execution of the will and of which testator was seized at the time of his death, and such after acquired property passes in accordance with the terms of the will, and it is not necessary to have a residuary clause in the will to pass such after acquired title.

8. *Tenants in Common; Suit by; Possession of Property.*—One of the tenants in common may recover the whole estate from a stranger in possession.

9. *Trusts; Failure; Lack of Trustee.*—A trust will not be permitted to fail for lack of a trustee.

10. *Life Estates; Adverse Possession Against Remainder; Registration.*—Where a will created a life estate with a vested and contingent remainder in fee and the will was recorded before five years possession by the life tenant under section 1290, Code 1852, (Section 3385, Code 1907) no act of the life tenant allowing adverse possession could defeat the interest of the remaindermen, in view of section 1305, Code 1852.

11. *Remainder; Limitations.*—Where beneficiaries under a will had a vested remainder, or a contingent remainder operating by way of an executory devise after the death of the life tenant, limitations will not begin to run as against the beneficiary until the death of the life tenant.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ejectment by Jones L. Blakeney against S. B. DuBose. Judgment for defendant and plaintiff appeals. Reversed and remanded.

ABRAHAMS & TAYLOR, for appellant. In a construction of a will the inquiry is the intention of the testator, and the will will be given that construction which will most effectually accomplish the purpose and intention of the testator as expressed in the will.— *Wharton v. Moragne*, 62 Ala. 209; *Woolf v. Loeb*, 98 Ala. 426; *Campbell v. Weakley*, 121 Ala. 64; *Barr v. Weaver*, 132 Ala. 212; *Smith v. Smith*, 157 Ala. 437. A will speaks from the death of the testator.—*Taylor v. Harwell*, 65 Ala. 11. Under the provisions of the will the wife and the trustee for the son and his wife took life estates in all the testator's real property with a vested remainder in the living grandchildren, and a contingent remainder by way of an executory devise in the grandchildren born after the death of the testator.— *Gindrat v. Western Ry.*, 96 Ala. 162; *Smaw v. Young*, 109 Ala. 533; *Watson v. Williamson*, 129 Ala. 362; *Finley v. Hill*, 133 Ala. 229; *Acree v. Dabney*, 133 Ala. 437. The will is governed by Code 1852. Where a testator devises all of his land by will, the will passes all the real estate of which he died seized and possessed, although not owned at the time of making the will.—Jarmon on Wills, 608; *Johnson v. Hollifield*, 82 Ala. 129; *Kelly v. Richardson*, 100 Ala. 596; *Marbury v. Grady*, 67 Ala. 153. No trust will ever be permitted to fail for lack of a trustee.—*Whitehead v. Whitehead*, 142 Ala. 165; *Lecroix v. Malone*, 157 Ala. 434; *Allison v. Little*, 85 Ala. 512. The will was properly recorded before five years possession by the life tenant and no act of the life tenant allowing adverse possession could defeat the remainder in this case.—Secs. 1852 and 1305, Code 1852; *Sheridan v. Shrimp*, 120 Ala. 475. The recording of the will was notice to the world of its contents.—Authorities next above and *Marx v. Clisby*, 126 Ala. 114. Limitations could not begin to run against remainder-

men until the death of the last living life tenant.—Authorities supra and *Edwards v. Bender,* 121 Ala. 77; *Pope v. Pickett,* 65 Ala. 487; s. c. 74 Ala. 122. The grandchildren take as tenants in common and one tenant in common may recover possession of the whole property against a stranger.—*Dorlan v. Westvich,* 140 Ala. 283; *Lowery v. Rowland,* 104 Ala. 420; *Lecroix v. Malone, supra.*

WILLIAM CUNNINGHAME, and PETTUS, JEFFRIES, PETTUS & FULLER, for appellee. There is no provision in the will relative to after acquired real estate or to after acquired property of any kind except the increase of a trust estate after the death of the testator, and unless the provisions of section 14 of the will are sufficient to pass after acquired real estate, the property involved in this litigation would descend to the heirs of such testator as if he had died intestate.—Sec. 1592, Code 1852; *Johnson v. Hollifield,* 82 Ala. 129. The will is silent as to what disposition should be made of this trust property in the event Robert died leaving no wife surviving him, and the remainder in that event was not disposed of by the will and passed under the statute to the heirs at law.—Sec. 1592, Code 1852. Admitting that the children of Robert took the remainder their right to the enjoyment of such estate would be uncertain.— *Smaw v. Young,* 109 Ala. 539; *Gindrat v. Westery Ry.,* 96 Ala. 162. The statute of limitations run against contingent remainders, and the appellant is barred. Item 10 makes no disposition of the trust estate, and the heirs at law take it.—*Woolf v. Loeb,* 98 Ala. 426; *Banks v. Sherrod,* 52 Ala. 270. Items 11 and 19 grant to the widow a life estate in one-half with absolute power of disposition and as to the other half she, as trustee, has the power of sale. This renders the remainder contin-

gent.—*Robinson v. Pearce,* 118 Ala. 270. So, if the statute completed a bar against her the remaindermen would be barred, and if the statute commenced to run, the death or resignation of the trustee would not stop the running.—*Moulton v. Henderson,* 62 Ala. 426; *Martin v. Talley,* 72 Ala. 23; *Lee v. Wood,* 85 Ala. 169. Under the facts in this case the law will presume a valid grant from the widow individually and as trustee to appellee's predecessor, raising a presumption favorable to the repose of appellee's title.—*Matthews v. McDade,* 72 Ala. 377; *Gosson v. Ladd,* 77 Ala. 235; *Roach v. Cox,* 49 So. 578.

MAYFIELD, J.—This is an action of ejectment.

Plaintiff (appellant here) claims title as remainderman and devisee under the will of his grandfather, John Blakeney, who is indisputably shown to have been seised and possessed of the lands at the time of his death, viz., in 1862; his right of possession being thereby conditioned upon the deaths of three life tenants, his grandmother, Polly Blakeney, his father, Robert Blakeney, and his stepmother, Nancy Blakeney, the last of whom to die was his father, who departed this life May 4, 1908. Nancy Blakeney died before the testator. The defendant (appellee here) claimed title as a purchaser and by adverse possession for more than 10 years, but claims as a stranger to and not under or through the testator, John Blakeney, or his privies. The defendant or those through whom he claims had been in possession for more than 10 years before the bringing of the suit. The court gave the general affirmative charge for the defendant, and plaintiff appeals, insisting that the general affirmative charge should have been given him.

The only questions of law upon which the rights of the parties to this record depend are: First. Did this

property pass under the will of John Blakeney? Second. Did plaintiff take under that will as a remainderman? Third. Was his right of possession postponed until the 4th day of May, 1908, so that the statute of limitations of 10 years does not bar his action? All of these may be reduced to one—Was the defendant's possession, or that of those under whom he claims, adverse to plaintiff? This question can and must be answered alone upon a proper construction of the will of John Blakeney, who is conclusively shown to have been the owner at his death in 1862. This property was not specifically mentioned in the will as was other property, both real and personal, for the reason that the testator did not own this land at the making of the will; but subsequently he sold that devised, and purchased this, which he owned at his death. The property mentioned in the will, real and personal, was given one-half to Polly, the wife of the testator and grandmother of plaintiff, for her life only, and the other half was given in trust during the lives and to the survivor of Robert and Nancy Blakeney, the only son, and daughter-in-law of the testator, said Robert being the father of plaintiff, and the remainder of the whole was devised to testator's grandchildren, the children of Robert, his only son or child. While the will is unusually lengthy, this, we think, is clearly the intent and meaning of the testator. Polly survived the testator, and died a few years after the war. Nancy, the daughter-in-law, died before the testator, and Robert married again. The plaintiff is a son of the second wife of Robert, and was born in 1866, four years after the death of the testator, but before the falling in or termination of either of the life estates. There were, however, grandchildren living at the death of the testator. The death of the survivor of the life

tenants was the date which determined the granchildren who should take under the will.

The will contained a residuary clause, which is as follows:

"The residue of my property (if any) is to be divided into equal parts, one-half to go to my said wife and the other half to my said trustees to be held as a portion of the trust estate. If, however, the said residue or any portion thereof consists of money, the whole of it is to go to my wife."

The tenth and twelfth clauses of the will are as follows:

"10th. I hereby declare it to be my desire in bequeathing and devising the property in the foregoing items to protect my son and his wife and his children against any act of imprudence on his part and also any accident which may befall him hereafter."

"12th. After the termination of the life estate of my wife in the property before bequeathed & devise to her. It is my will and the trustee then to be appointed by my said son and his wife, is hereby directed to take possession of the same (Real and Personal) and to hold and use and employ the same as a portion of the trust estate created in item nine of this my will, and upon the death of my said son and his wife, the same is to be equally divided among the children of my said son— provided however any other child or children shall be born to my said son, I hereby direct, said trustee out of the negroes or their increase in this item mentioned (after the death of my wife and before the division among my grandchildren) to give and deliver to such child or children which may hereafter be born each a negro about equal in value to the average value to the negroes specifically given to my Grandchildren. So

as to make the final division of my property among my Grandchildren as nearly equal as possible."

Wills speak only from the death of the testator, and must be construed as they would have been construed at the moment of death, and without regard to the consequences resulting from subsequent events, which were probably not foreseen or anticipated at the making of the will.—*Taylor v. Harwell,* 65 Ala. 1. We therefore conclude that from the whole will it clearly appears that it was the testator's intention to give one-half of all his real property to his wife, Polly, for life only, to create a trust in the other half of his real estate for Robert H. Blakeney and his family, during the life of said son, provided said Robert survived his wife, Nancy, and for and during the life of Robert if his wife Nancy survived him; that, if said Nancy survived Robert, she was to have said one-half for the support of herself and children during her life; that, after the termination of these life estates in said real estate, all of the real estate should go to the children of Robert who were living at the death of the testator and at the death of said Robert, and any who had lived between the death of the testator and the death of Robert; that after the death of Robert H. Blakeney, and not until then, the property was to be divided equally between the testator's grandchildren, the children of Robert. Under the provisions of the will Polly and the trustee for Robert took life estates in all the testator's real property, with a vested remainder in the testator's grandchildren in esse at testator's death, in possession, only after the death of Polly and Robert, which remainder would open up to let in after-born children of Robert as they should or might come in esse.—*Gindrat v. Western Railway of Ala.,* 96 Ala. 162, 11 South. 372, 19 L. R. A. 839; *Smaw v. Young,* 109 Ala. 533, 20 South. 370; *Watson v. William-*

*son,* 129 Ala. 362, 30 South. 281; *Findley v. Hill,* 133 Ala. 229, 32 South. 497; *Acree v. Dabney,* 133 Ala. 437, 32 South. 127. Under the evidence in this case, the estate became vested in the youngest child of Robert in the year 1870. The will was executed in 1856, and is governed by the Code of 1852. The interest of the plaintiff and of such children as were not in esse at testator's death was contingent, but under the law they took, while not in esse, by way of executory devise.—Code 1852, § 1301. It therefore follows that life estates or interests in these particular lands were by the will of John Blakeney granted to his wife, his son, and his son's wife, during their lives, and to the survivor, with remainder to the children of Robert. All the life tenants being dead, and the survivor having died less than a year before suit was brought by the remaindermen, it follows plaintiff was entitled to recover. We do not now attempt to decide the respective interest which the plaintiff or the other grandchildren or their descendents will take under this will, as that is not before us. It appears that there are other grandchildren who take as tenants in common with plaintiff; but as against this defendant, under the facts of this case, the plaintiff was entitled to recover the whole, and the court erred in giving the affirmative for defendant.

If there could be any doubt as to the foregoing conclusions, we think they are made certain by the following statutes and for the following reasons: Section 1592 of the Code of 1852 (Code 1907, § 6155) provides: "Every devise made by a testator in express terms of all his real estate, or in any other terms denoting his intention to devise all his real property, must be construed to pass all the real estate he was entitled to devise, at the time of his death." Section 1604 of the Code of 1852 (Code 1907, § 6165) provides: "When any testa-

tor, after having executed a will devising any real prop-
erty, afterwards makes a conveyance of his interest, and
acquires a new estate therein, such new estate passes
by his will to the person to whom the original estate or
interest was devised; unless it appears from the will,
or the instrument conveying the estate, or by which the
new estate was acquired, that the testator intended such
conveyance to operate as a revocation." Section 1591
of the Code of 1852 (Code 1907, § 6154) reads thus:
"Any estate, or interest in real property, devised to a
person, or corporation incapable of taking, descends to
the nearest of kin capable of taking; or if he have no
heirs competent to take, to the residuary devisee, if any
are named in the will capable of holding such estate or
interests; otherwise, to the husband or wife; otherwise
to the state." Prior to the statute of 1837, a testator
could only devise lands of which he was seised or owned
at the date of his will; and if he made a will and devised
certain real estate and afterwards conveyed it away,
and acquired other such property, such other lands or
new interests did not pass by the will, but passed as in
case of intestacy. This rule is now changed by statute.
So now, when it has been ascertained that a testator has
devised all of his real estate, by virtue of the statute
the will passes all the lands owned by him at his death,
according to its terms, just as it before passed the estate
owned at the date of making his will.—1 Jar. Wills
(5th Am. Ed.) p. 608; *Johnson v. Holifield,* 82 Ala. 129,
2 South. 753; *Kelly v. Richardson,* 100 Ala. 596, 597, 13
South. 785. "A will conveys all the property owned by
the testator at his death, although between the execu-
tion of the will and the death of the testator, the prop-
ery has wholly changed."—*Succession of Marks,* 35 La.
Ann. 1054; 49 Cent. Dig. § 1012, p. 1121. "A will must
be held to speak from testator's death, and whatever

estate he then possessed must be held to pass according to its terms."—*Henderson v. Ryan,* 27 Tex. 670; 49 Cent. Dig. § 1009, p. 1119 et seq. Here there is an express devise of all the real estate to the grandchildren of the testator after the deaths of the life tenants, and they do not take as mere residuary legatees.—*Maybury et al. v. Grady et al.,* 67 Ala. 153. By force of the statute (Code 1852, § 1592) all the real estate owned at testator's death went one-half to his wife individually for life, and the other half went to her, as trustee, for the use of Robert Blakeney and his wife during their lives, and a vested remainder in the whole of it to the children of Robert who were living at the death of the testator, and a contingent remainder in the whole of it, operating by way of executory devises, to any after-born children of Robert H. Blakeney. And, even if the wife was incapable of holding said one-half in trust, the beneficial estate granted to Robert remained, and Robert took a life estate in said one-half and his children the remainder, and the devise did not lapse; and, if any estate or interest lapsed, it was only the life estate of the trustee, and it passed to said Robert, and not the fee, for that had been devised to the grandchildren by way of vested remainders and executory devises, and no trustee was necessary to support their estates.—*Gindrat v. Western Railway of Alabama,* 96 Ala. 165-168, 11 South. 372, 19 L. R. A. 839. And, again, "it is a maxim of equity that no trust can be permitted to fail for lack of a trustee, and courts of equity have full authority to supply any lack of this character.—*Whitehead v. Whitehead,* 142 Ala. 165, 37 South. 929. The will was properly recorded before five years' possession by the life tenants.—Code 1852, § 1290 (Code 1907, § 3385) ; *Sheridan v. Schimpf,* 120 Ala. 475, 24 South. 940. No acts of the life tenants allowing adverse possession could de-

feat the remainders in this case.—Code 1852, § 1305. Recording of the trust will was notice to the world of the terms of the trust.—Code 1852, § 1322; *Sheridan v. Schimpf, supra; Marx v. Clisby,* 126 Ala. 114, 28 South. 388. The children of Robert H. Blakeney being vested remaindermen and contingent remaindermen by way of executory devises from and after the death of John Blakeney, the testator, there was never a moment of time during the period from the testator's death in 1862 until the death of Robert H. Blakeney in May, 1908, when the statute of limitations could begin to run.— *Gindrat v. Western Railway of Alabama,* 96 Ala. 165-168, 11 South. 372, 19 L. R. A. 839; *Lecroix v. Malone,* 157 Ala. 434, 47 South. 725, *Edwards v. Bender,* 121 Ala. 77, 25 South. 1010; *Pope v. Pickett,* 65 Ala. 487; *Pickett v. Pope,* 74 Ala. 122; *Bass v. Bass,* 88 Ala. 408, 7 South. 243; *Findley v. Hill,* 133 Ala. 229, 32 South. 497; *McMichael v. Craig,* 105 Ala. 382, 16 South. 883; *Robinson v. Allison,* 124 Ala. 325, 27 South. 461; *Washington, Adm'r, v. Norwood,* 128 Ala. 383, 30 South. 405; *Stiff v. Cobb,* 126 Ala. 387, 28 South. 402, 85 Am. St. Rep. 38; 20 Amer. & Eng. Ency. Law (1st Ed.) pp. 913-914.

In this case, by virtue of the statutes, the after-acquired property passes under the specific devises as well as under the residuary devises, and it is not necessary to have a residuary clause in a will in order to pass after-acquired property. The devisees being the same identical persons in both the specific clauses and the residuary clause, and the testator's intention being clear to devise the fee in all his real estate to the children of Robert, the fee to this after-acquired real property passed to the plaintiff and other children of Robert H. Blakeney. It is clear from the entire will that the testator intended all his real estate to go to his

[Kern v. Cox.]

grandchildren, share and share alike, after the deaths of Polly, Robert, and Robert's wife, the residuary devisees as well as the specific, for in the twelfth clause of the will occurs the following: "Upon the death of my said son and his wife, the same is to be equally divided among the children of my said son, provided, etc., (giving after-born children a negro apiece) so as to make the final division of my property among my grandchildren as nearly equal as possible." He does not say, division of property "devised in the foregoing items," as he does in clause 10 and other clauses of the will, but refers to the division finally of all his property devised in the entire will.

The plaintiff was entitled to the affirmative charge as requested.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.