DUENSING *v.* DUENSING.

Opinion delivered April 6, 1914.

1. WILLS—DESIGNATION OF BENEFICIARY—PAROL EVIDENCE.—Where the designation of a beneficiary in a will is uncertain and ambiguous, parol evidence is admissible to determine who the testator meant. (Page 365.)

2. WILLS—CHILDREN—DESIGNATION OF A CLASS.—Where a testator mentions his children as a class in his will, he will be deemed to have complied with Kirby's Digest, § 8020, providing that a testator who fails to mention the name of a living child in his will, shall be deemed to have died intestate as to the child omitted. (Page 365.)

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

STATEMENT BY THE COURT.

W. L. Duensing died and his widow offered for probate a will, the fifth paragraph of which was as follows:

"I give and bequeath to my two sons, Edward Maximilan and Frederick William, and my daughter, Christene Regine, married to F. Strube, children by my first wife, my farm in Prairie County, described as follows (here follows description of certain lands), in which farm they are to be equal owners." The remainder of the estate was devised to his second wife and to his children by her begotten, and this second wife was named as executrix.

William Frederick Duensing, a son, contested the will because he was not mentioned therein, and because Frederick William Duensing, a son, who was mentioned therein, died many years before the will was made. There was also an allegation that the testator lacked testamentary capacity, but no proof was offered in support

of that allegation. The will was executed on November 21, 1906, and the testator died in 1910.

The case was submitted to the court sitting as a jury upon the pleadings, the last will and testament of W. L. Duensing and the following agreed statement of facts, towit: "W. L. Duensing, deceased, by a former marriage had born to him among other children one named Frederick William Duensing and one named William Frederick Duensing. That the first, that is, Frederick William Duensing, died in 1870, and the second, William Frederick Duensing, was born in 1874, and that he was living at the time of the execution of said will and at the time it was probated, and is yet living. That said two sons were children of the first wife mentioned in the fifth paragraph of the will." The preceding paragraphs of the will disposed of all the estate not devised in the fifth paragraph and gave that property to the surviving widow and the issue of this second marriage.

There was also offered in evidence the record in the case of *W. L. Duensing* v. *August Mertens,* decided by the Prairie Chancery Court, which litigation involved the title to the lands devised in paragraph 5. The record shows that the beneficiaries named in the fifth paragraph filed their motion to revive this Mertens case in their names, setting up said will and claiming the lands involved in said suit under it. That motion was granted and the cause revived in their names, as legatees under said will. This litigation was decided adversely to these legatees, but there was a money judgment in their favor of $660, which they collected.

Appellant says he was not named in said will and. that it is therefore void as to him, and that he is entitled to take that share which would have fallen to him had his father died intestate. Appellee contends, first, that appellant is estopped from claiming any part of the W. L. Duensing estate outside of the will; and, second, that appellant is named in the will.

*Bradshaw, Rhoton & Helm,* for appellant.

1.   The omission of the name of a child in a will entitles the child to a child's part.   Kirby's Dig., § 8020; 86 Ark. 388; 92 *Id.* 90; 87 *Id.* 206; 104 *Id.* 602; 94 *Id.* 43; 92 *Id.* 20.

2.   Testimony is inadmissible to correct a mistake in a will.   40 Cyc. 1436; 4 Wigmore on Ev., § 2471; 117 U. S. 210; 15 Q. B. 227; 23 Ark. 378; 50 Am. St. 280; 34 Am. St. 64; 55 Ill. 514; 8 Am. Rep. 665; 30 Am. & E. Enc. 674; 1 Jarman on Wills, 444; 2 Ind. 449; 1 Underhill on Wills, 333; Rood on Wills, 160; Remsen on Wills, 346. Nor is parol testimony admissible to vary, contradict or change the words of a will.   Cases *supra.*

3.   As to appellant, his name being omitted from the will, he is entitled to a child's part.   **87 Ark. 212.**

*Thomas & Lee* and *John L. Ingram,* for appellee.

1.   Appellant is estopped.   Page on Wills, § 722; 45 N. E. 972; 59 Ark. 456; 30 *Id.* 458.

2.   Appellant is sufficiently named in the will.   29 Cyc. 263; 34 Ark. 546; 5 Words & Phrases, 4659; 86 Ark. 368.   "Children by my wife" means living children, and appellant is mentioned as a class.   86 Ark. 368.

SMITH, J., (after stating the facts).   We will not discuss appellee's first contention, as we think the second position is well taken and is conclusive of the case.   Section 8020 of Kirby's Digest provides that if any person shall make a last will and testament and omit to mention the name of a child if living, or the legal representatives of such child born and living at the time of the execution of such will, every such person, so far as regards such child, shall be deemed to have died intestate.   The question therefore is whether appellant is mentioned in said will.   Appellant cites numerous cases to support the text of 30 Am. & Eng. Enc. Law, 673, where it is said:   "It is well settled that parol evidence is not admissible to add to, vary or contradict the words of a written will, not only because the will itself is the best evidence of the testator's intention, but also because wills are required by the statute of frauds to be in writing."   The cases all

agree that the testator's intention can be gathered only from the will itself and that extrinsic evidence is not admissible to prove an intention in regard to the disposition of the property not expressed in the will. But this rule does not exclude extrinsic evidence to show who the beneficiary is, as such evidence is always admissible for the purpose of identifying the beneficiary, where there is uncertainty or ambiguity in the designation. *McDonald* v. *Shaw,* 81 Ark. 235.

The agreed statement of facts shows that the first son died in 1870 and that appellant was born four years thereafter and was thirty-three years old when this will was executed in 1906; and there is no intimation that the testator was unaware of the death of his first son. The language of the fifth paragraph precludes that idea, because it recognizes the testator has only three children by his first marriage and that two of these are sons. The testator had two sons living by his first marriage and he provided for them under the designation of children by his first wife. The sons named fit that designation and no one else could fit it. Appellant relies upon the case of *Gray* v. *Parks,* 94 Ark. 39, where a testator devised a portion of his estate to a son named Harrison T. Gray, who had died prior to the execution of the will and the court there held that as no mention had been made of the names of the children of Harrison T. Gray, who were living at the time of the execution of the will, that the testator had therefore died intestate as to these children. But, while it does not appear from the facts of that case, it is fairly inferable that the testator was ignorant of the death of his son, Harrison T. Gray, yet the devise was made to the son who was dead, and no provision was made for his children who were living, and the court there held under section 8020 of Kirby's Digest that the testator was intestate as to these children. But here the testator was not ignorant of the facts; he knew he had three children living by his first wife and undertook to provide for them as such, and such designation would have been sufficient had the names of all been

omitted. Such a designation was upheld in the case of *Brown* v. *Nelms,* 86 Ark. 368, where the language of the will was as follows: "I give my wife one-half of all my property and one-half to my children," and it was there said that a will in which the testator provides for all his children as a class, without expressly naming them, is a sufficient mention of his children to comply with Kirby's Digest, § 8020.

We think the fair and reasonable interpretation of the language of the will is that paragraph 5 intended and designated the three living children, by the testator's first marriage, and sufficiently named them to meet the requirements of section 8020 of Kirby's Digest and the judgment of the court below is therefore affirmed.