CAVANAUGH *v.* MADDEN.

## Opinion delivered October 31, 1927.

1. WILLS—INTENTION OF TESTATOR.—A testator's intention must be gathered from the language employed by him in making the will, and such intention, when ascertained, must prevail.
2. WILLS—TIME OF TAKING EFFECT.—Wills speak only from the death of the testator, and cannot be varied by subsequent events.
3. WILLS—DISPOSITION OF RESIDUE OF ESTATE.—Where a will provided that the testator's widow should take a life estate with the privilege of disposing of one-half of the estate by will, and that another should receive the other half of the estate only in the event that the widow died without disposing thereof by will, *held* that, when the widow renounced the provisions of the will and took her dower under the law, the rights of the other person in the estate ceased.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Clayton & Cohn,* for appellant.

*J. I. Traiwick* and *Owens & Ehrman,* for appellee.

KIRBY, J. This appeal involves the construction of the will of Patrick J. O'Brien, who died in the latter part of 1919 or early in 1920. The will provides for the payment of all debts, and clauses 2, 3 and 4 make several small bequests, aggregating $350; by clause 5 the testator devises and bequeaths to his wife, Annie M. O'Brien, and the Union Trust & Mercantile Company (now the Union Trust Company) all the residue of his property, giving them the right to sell, mortgage, convey and invest and reinvest and be held in trust for the following purposes:

"(1). Said trustees shall appropriate and apply the net income from the property in their hands for the support and maintenance of my wife, Annie M. O'Brien, for and during her natural life. (2). Upon the death of my wife, Annie M. O'Brien, the property in the hands of my said trustees shall be divided by my surviving trustee into two equal parts, and I hereby give, devise and bequeath to my said wife, Annie M. O'Brien, the rights and power to dispose of one of these parts by last will and testament, and in the event that she die without

disposing of this part of my estate by last will and testament, said property shall thereupon vest absolutely in Miss Elizabeth Cavanaugh, of Little Rock, Arkansas. (3). The remaining one-half of the property in the hands of said trustees shall be divided by my remaining trustee into eight equal parts, which shall be distributed to his nieces, in the amounts named in the will, with the proviso that, in the event of the death of any of the said nieces, the share of the one so dying shall go to his or her surviving issue, if any, and if not, then to the survivor or survivors of said beneficiaries.''

By the 7th clause of the will it was provided that the provisions for the benefit of his wife should be in lieu of all her dower rights under the law. The widow, Mrs. O'Brien, subsequently renounced the will and took one-half of the estate as dower, the testator leaving no descendants. The widow died, and by her will devised and bequeathed all her estate to Miss Elizabeth Cavanaugh. She made no attempt to dispose of any of the estate of her husband in her will. The court decreed a partition of the estate among the devisees entitled thereto, and that Elizabeth Cavanaugh was not entitled to distribution of any part thereof under the will, and from this decree the appeal is prosecuted.

Appellant contends that the election of the wife to take dower had no effect, except to diminish the amount of the estate to be distributed under the will, and that she is entitled thereunder to one-half the estate devised by the will, and that the chancellor erred in holding otherwise.

The will of the testator is clear and unambiguous, and his intention must be gathered from the language employed by him in making the will, and that intention, as expressed in the will, must prevail where ascertained. *LeFlore* v. *Handlin*, 153 Ark. 421, 240 S. W. 712; *Cook* v. *Worthington*, 116 Ark. 328, 173 S. W. 395; *Duensing* v. *Duensing*, 112 Ark. 362, 165 S. W. 956.

In *State* v. *Gaughan*, 124 Ark. 548, 187 S. W. 918, the court said:

"The purpose of all rules for the construction of wills is to ascertain and effectuate the intention of the testator; but these rules are ordinarily resorted to only where there are ambiguous, inconsistent or repugnant clauses."

The testator knew what portion of his estate could be set aside under the law to his widow for dower, one-half, there being no children or descendants, and made the provisions of the will for his wife's benefit in lieu of such dower. She renounced the will, however, as she had the right to do, and took that part of the estate which she was entitled to under the law as dower, and at her death devised all her estate to her niece, Elizabeth Cavanaugh.

It is true that wills speak only from the death of the testator, and are not to be varied by subsequent events, as said in *Blakeney* v. *DuBose,* 167 Ala. 627, 50 So. 746, by the Supreme Court of Alabama: "Wills speak only from the death of the testator, and must be construed as they would have been construed at the moment of death, and without regard to the consequences resulting from subsequent events, which were probably not foreseen or anticipated at the making of the will." See also *McFarland* v. *McFarland,* 177 Ill. 208, 52 N. E. 281; *Wales* v. *Templeton,* 83 Mich. 177, 47 N. W. 238; *Crocker* v. *Crocker,* 230 Mass. 478, 120 N. E. 110, 5 A. L. R. 1617.

It is clear from the will that the testator intended his widow to have all the income from his estate during her life and that the residue should be divided at her death into two equal parts, to one of which he gave the right of disposition by will to his wife, and provided that, if such disposition was not made by her, such property should vest absolutely in Miss Elizabeth Cavanaugh. His intention was equally clear that the remaining one-half of the property in the hands of the trustees should be divided by them into eight equal parts and distributed to his nieces in the amounts named in the will, with the provision that, in the event of the death of any of the

said nieces, her share should go to the surviving issue, if any, and if not, then to the survivor or survivors of said beneficiaries.

It was only the intention finally to distribute one-half the property of the testator, in the hands of the trustees, to whom it had been devised for the life of his wife, with the right of disposition by will, and to Elizabeth Cavanaugh by the testator's will, in case it should not be disposed of by the will of his wife. In other words, there was no intention to grant the right to his wife of disposition by will of one-half of the residue of the property in the hands of the trustees, unless she accepted the provisions of the will in lieu of her dower, nor to vest in said Elizabeth Cavanaugh by his will any part of his estate of which his wife was not given the right of disposition thereunder.

It was the certain, unmistakable intention of the testator, as shown by the will, to give one-half the residue of the property, in the hands of the trustees at the death of his wife, to his nieces, as provided in clause 3 thereof, in any event. This intention could not be defeated by any action taken by the widow, since she could only dispose of one-half of the residue of the estate, if she accepted the provisions made in the will in lieu of her dower under the terms of the will, and rights of Elizabeth Cavanaugh in the estate depended necessarily upon the action of the wife in taking under the will, and ended when she renounced its provisions and took her dower under the law.

It follows that the chancellor did not err in his construction of the will, and the decree is accordingly affirmed.