William Byrd JONES et al *v.*
Emily Ann BRANSFORD, Executrix

CA 80-203                                   606 S.W. 2d 118

Court of Appeals of Arkansas
Opinion delivered October 8, 1980
Rehearing denied November 5, 1980

*Davidson, Plastiras, Horne, Hollingsowrth & Arnold, Ltd.*, by:
*George N. Plastiras* for appellants.

*Rose Law Firm*, by: *W. Dane Clay*, for appellee.

DAVID NEWBERN, Judge. We are asked, mainly, to determine the effect of revocation of a clause in a will giving a portion of the residue of the estate. We must decide whether property which would have passed according to the revoked provision falls into the residue or passes by intestacy. We hold that it passes by intestacy, and because we cannot ascertain from the record the trial court's disposition of the property in question, we remand the case.

The will originally provided for several specific bequests and division of the residue into four equal parts. Three of the parts were to go to the daughters of the testatrix, and the fourth part was to be divided among grandsons of the testatrix. By codicil the testatrix cancelled the provision for one-fourth of the residue to go to her grandsons, and provided instead they were to receive 12% of the "net value" of the estate.

The grandsons, who are the appellants, petitioned for construction of the will, and they now contend the trial court erred in holding they were not entitled to any of the appreciation in the value of the estate during the period from the testatrix's death until distribution. The predicate for that argument is the assumption that the appellants remain residuary legatees, and that the testatrix only reduced their portion from 25% to 12%, leaving 13% undisposed of. One has only to look at the language of the codical to see the fallacy in that argument. Twelve percent of "net value of the estate" is not the same as 12% of the residue. The appellants are entitled to their specific bequest, and its value is to be determined as of the date of the testatrix's death. *Cavanaugh* v. *Madden*, 175 Ark. 236, 299 S.W. 1 (1927). 4 Page, *The Law of Wills*, § 30.26 (1961).

The appellants also argue they are entitled to a portion of the property left undisposed of by the revocation. As we do not accept their contention that they remained residuary legatees, we cannot agree that they are entitled to any part of the residue as a result of the will and codical. This leaves a question how the residue in excess of the three 25% shares is to be distributed. From the record we cannot tell how the trial court proposed to distribute it. The appellee suggests it

falls in the residue and should be distributed to the residuary legatees, despite the limitation of their interest to 25% each.

We recognize and agree that if there is evidence of intent of the testatrix to dispose of her entire estate, we should follow that intent, and that partial intestacies are not favored. *Galloway* v. *Darby*, 105 Ark. 558, 151 S.W. 1014 (1912). However, we cannot find that intent in the language of the testatrix. Undoubtedly she did dispose of her entire estate in her will, but she revoked a portion of it and did not thereafter provide for disposition of her entire estate.

If we were dealing with a lapse of a devise to one of several residuary devisees, we would have the benefit of Ark. Stat. Ann. § 60-410 (b) (Supp. 1979), which would cause the undisposed of portion to go to the remaining residuary devisees. We do not believe, however, the theory behind the statute is applicable here, because it provides for distribution of a portion of the residue where "the share of one of the residuary devisees fails for any reason." Here, we do not have a failure of any provision, rather, we have a revocation. For the same reason, cases dealing with lapsed residuary legacies are also inapplicable.

We find very little authority with respect to this problem. Certainly no Arkansas case of which we are aware addresses it. Professor Page says:

> If a bequest to one of two or more residuary legatees is revoked by a codicil, it will be assumed that the other residuary legatees divide the entire residuum. [4 Page, *The Law of Wills*, p. 391 (1961)].

For that proposition, only the case of *Bronson* v. *Pinney*, 130 Conn. 262, 33 A. 2d 322 (1943), is cited. That case recognizes a "substantial" distinction between lapse and revocation of a gift of a portion of a residue. The Connecticut court said that although a lapse under Connecticut law of such a gift would result in partial intestacy, revocation, being an intentional act by the testator, should have the effect of passing the affected property to the remaining residuary legatees. The court chose to treat the revocation by codical as if it had changed the

residuary clause by simply omitting certain proposed legatees. The author of Annot., 36 A.L.R. 2d 1117, n. 4 (1954), cites the *Bronson* case alone for the distinction between lapse and revocation by codicil.

We are persuaded to agree with the powerful logic of the Connecticut court in the *Bronson* case, however, we must note an important factual distinction. There, the residuary clause provided only that certain persons take the residue to be "divided equally (with one exception) between" them. The exception had to do with children taking the share of one deceased person who would otherwise have taken. Here, the testatrix was far more explicit. She provided that the residue of her estate including all real and personal property go to her three daughters, "one part each, or one-fourth each of the residue of my estate." She then provided that the appellants would take the remaining share of the residue, share and share alike. The testatrix was, therefore, explicit in stating what portion of the residue each of her daughters was to take. That is unlike the *Bronson* case where the residuary beneficiaries were simply to share in the residue equally, with the one exception explained above. If we were to follow that case here despite the differences, we might effect what we believe was the testatrix's intent, but it would be directly contrary to what she said. While our decision may seem to be a little too technical, and while it may seem to stray from our conjecture, reasonable though it may be, with respect to the testatrix's intent, only so much can be done in the name of broad policy against intestacy. We agree with the Connecticut court that there is a difference between revocation and lapse, but in this case it cuts differently than in the *Bronson* case, as we have here a testatrix who, taken at her word, has left us totally without direction with respect to a part of the residue of her estate.

We therefore remand this case to the probate judge so that he may enter orders distributing to the heirs at law the portion of the estate of which the testatrix did not dispose.

Affirmed, as modified, and remanded.