Emily Ann T. BRANSFORD, Executrix, et al. *v.*
William Byrd JONES, et al.

84-139                                  679 S.W.2d 798

Supreme Court of Arkansas
Opinion delivered November 26, 1984

*Rose Law Firm,* by: *Dane W. Clay,* for appellant.

*George N. Plastiras,* and *Davidson, Horne, Hollings-worth, Arnold & Grobmyer,* for appellee.

JOHN I. PURTLE, Justice. The Arkansas Court of
Appeals modified the original order in this case [*Jones* v.

*Bransford,* 270 Ark. 664, 606 S.W.2d 118 (Ark. App. 1980)] and remanded it to the Faulkner County Probate Court for additional proceedings. The trial court ordered the estate to be distributed in accordance with what the court thought was the mandate of the Court of Appeals. The estate and three heirs appeal. Other heirs cross appeal. Both sides argue the trial court applied the wrong formula in ordering distribution. In view of the rule that the law of the case is established by the first appeal (in the Court of Appeals in this case) we disagree with both arguments and affirm the order of the trial court.

Lyde Allinder Robins died in Faulkner County, Arkansas, in 1964. Her will was admitted to probate along with a codicil which made a major change in the will. The original will basically provided: (1) payment of debts and expenses; (2) payment of specific bequests; and (3) distribution of the balance of the estate into four equal shares. The codicil revoked one of these four shares and replaced it with a bequest of 12% of the net value of the estate after payment of costs, taxes, and expenses. The appellees (four grandsons) were to share equally in this codicil bequest. The codicil resulted in that portion of the estate between 12% of the net estate and 25% of the residue not being disposed of in the will or the codicil.

On the first appeal the Court of Appeals held that appellees (four grandsons) were entitled to receive their *specific bequests* (12% of the net estate, after expenses, etc.) before the three daughters received their 25% each of the residue. The grandsons (sons of the deceased daughter of testator) had originally been designated to share the other fourth of the residue after expenses and specific bequests were paid.

On remand the probate court distributed the estate as follows: 1) costs, expenses and debts; 2) 12% payment of the net estate to the appellees; 3) payment of other specific legacies; 4) 25% of the residue to each of the three daughters or their estate; and 5) the balance of the 25% residue which was originally bequeathed to the appellees passed intestate to the heirs at law.

We hold that the 12% bequest to appellees is a specific bequest in accordance with the law of the case. *Griffin* v. *State,* 276 Ark. 266, 633 S.W.2d 708 (1982). Therefore, it was proper for the trial court to take the specific bequest in the codicil from the entire estate after payment of the expenses, costs and taxes.

Generally speaking, specific legacies do not bear interest other than the increase which develops from the thing given. Atkinson, Law of Wills (2nd. ed. 1953). Arkansas Stat. Ann. § 62-2907 (b) (Repl. 1971) states: "[u]nless otherwise provided in the will, a specific devise of property shall be construed to include income or increment accruing to such property while in the hands of the personal representative." Income or increment growth while the property was in the hands of the personal representative was a question of fact to be decided by the trial court. The court below found there was no such growth or interest. The court further found that the executrix started making disbursements to the appellees in 1965 and that the entire 12% of the estate had been distributed. Appellees were awarded 6% interest on their intestate share commencing on October 5, 1980, which was the date of the Court of Appeals' decision holding that the 12% bequest was specific rather than residuary and that they took part of the residue as heirs at law. Arkansas Stat. Ann. § 62-2907 (a) (Supp. 1983) provides for interest on general legacies; however, until 1975 this statute expressly provided that general legacies "shall not bear interest." Appellees were not general legatees. They were specific legatees and also heirs at law receiving by the lapse of part of the estate into intestacy. Neither were the appellees residuary legatees. They were heirs to the intestate part of the residual portion of the estate and specific legatees to the 12% bequest in the codicil. In addition to the decision being the law of the case, we think the Court of Appeals was correct in holding that the 25% of the original residue was effectively revoked by the codicil and was otherwise not disposed of by the will or the codicil.

All fact findings by the trial court must be sustained because no record of any factual testimony has been abstracted and briefed by either party. Apparently no

stenographic report of any hearing after remand was made.

Affirmed on direct and cross appeal.

HUBBELL, W., C.J., not participating.